CITY OF INDIANAPOLIS *v.* ARNOLD SATZ.

[No. 678S116.  Filed June 21, 1978.]

*William Soards, Soards and Carroll,* of Indianapolis, *David R. Frick,* Corporation Counsel, City of Indianapolis, for appellant.

*John T. Lorenz, Kightlinger Young Gray & DeTrude,* of Indianapolis, *Faust & Joyce,* of Indianapolis, for appellee.

GIVAN, C.J.—Robert Snow, an off-duty policeman with the Indianapolis Police Department, arrested plaintiff Satz who was subsequently charged with being disorderly and with interfering or taunting a police officer. Subsequently Satz executed a release discharging the City from any and all liability arising from the incident. The release recited that the City denied liability and was dropping the above charges in return for the release by way of compromise. Satz later filed a complaint against Snow, the City of Indianapolis and one, Leonard Koplow, the owner of the store which at the time employed Snow as a security guard. The City moved to dismiss the action on the ground that the statutory notice had not been given, which motion was overruled. The jury returned a verdict for Koplow but against Snow and the City. The Court of Appeals affirmed the judgment, holding that there was substantial compliance with the City notice requirements. *City of Indianapolis* v. *Satz,* (1977) Ind. App., 361 N.E.2d 1227. The court also affirmed the judgment with respect to the errors raised by appellant Snow. However, Snow has not petitioned this Court to transfer his cause and therefore those issues are not before us.

Similar arguments were presented to this Court recently in the case of *Geyer* v. *City of Logansport,* (1977) 267 Ind. 334, 370 N.E.2d 333. There we held that the City notice statute then in force, IC § 18-2-2-1 [Burns 1974] (now found in IC § 34-4-16.5-7 [Burns Supp. 1977]), "places an affirmative duty upon the plaintiff to deliver a writing to the City mani-

festing the nature of the claim." 370 N.E.2d at 336. Although the plaintiff in *Geyer* had not satisfied the statutory mandate, we noted that in some instances the requirement may be met by substantial compliance. Such was the situation in *Galbreath* v. *City of Indianapolis*, (1970) 253 Ind. 472, 255 N.E.2d 225, where the plaintiff, although he had not delivered a notice of claim to the proper city officials specified under the statute, had nevertheless within the 60-day limit sent two letters to the city legal department detailing the accident and its surrounding circumstances. Consequently, this Court held that the plaintiff had substantially complied with the notice requirement inasmuch as the purpose of the statute, that is to apprise the City of the incident so it may investigate circumstances and determine its possible liability, had been satisfied.

In the case at bar there are three facts upon which substantial compliance with the notice statute is premised. First, the Court of Appeals based its decision in part on the fact that City investigated Satz's complaints. However, the Court of Appeals cases cited by that court have been overruled on transfer. See *City of Fort Wayne* v. *Cameron*, (1977) 267 Ind. 329, 370 N.E.2d 338; *Geyer* v. *City of Logansport*, (1977) 267 Ind. 334, 370 N.E.2d 333. A mere investigation by the City into an incident has now been held not to constitute substantial compliance. *Geyer* v. *City of Logansport, supra.*

Second, the Court of Appeals based its finding of substantial compliance also upon the release which was signed only 25 days after the incident. We need not decide whether such release would otherwise constitute substantial compliance with the statute for we find that it did not involve the proper city officials. The statute requires the notice to be served on the mayor or the clerk of the City. In *Galbreath* v. *City of Indianapoils, supra,* we extended this to include the city legal department, premising our decision on the fact that the city legal department is the mayor's agent and therefore should be a proper agent for accepting service

of a notice of claim. In the case at bar however the release was executed by Satz at a meeting which Satz, his wife, his attorney, two Indianapolis policemen and an attorney representing the Indianapolis Police Department attended. The testimony of the IPD attorney indicates that he represented only the police department, apparently being a departmental counsel. We can find no evidence in the record that the city legal department was in any way involved. We are unwilling to extend the *Galbreath* rationale to the police department or any other department of city government acting without the knowledge and advice of the city legal department. We therefore hold that the release executed in the case at bar was not sufficient to constitute substantial compliance with the notice statute.

Third, Satz wrote a letter to the mayor of Indianapolis in May, 1970, to complain about the incident. This letter was introduced at trial and the court subsequently instructed the jury by reading to them the City notice statute. However, the letter in question was no more than an ordinary complaint letter. It does not contain a description of the incident, the cause and conditions thereof, or the nature and extent of any injuries as required by IC § 18-2-2-1 [Burns 1974]. This is far different from *Galbreath* v. *City of Indianapoils, supra,* where the letters contained all the necessary particulars. We therefore hold that Satz's letter is, as a matter of law, insufficient to constitute substantial compliance with the statute.

The question of compliance with the statute is not a question of fact for the jury. It is a procedural precedent which need not be pleaded but may be raised as a defense in a responsive pleading. If so raised the plaintiff then has the burden of proving compliance. The trial court must make the determination of whether proper notice was given and must do so prior to trial. *Thompson* v. *City of Aurora,* (1975) 263 Ind. 187, 325 N.E.2d 839. This evidence therefore was improperly presented to the jury. Since the

question of compliance with the notice statute was not a proper element for consideration by the jury, the verdict against the City must be deemed contrary to law. See *State v. Ensley,* (1960) 240 Ind. 472, 164 N.E.2d 342.

We therefore hold that the investigation by the City, the executed release and the letter written by Satz do not constitute substantial compliance with the notice statute. The trial court erred in overruling the motion to dismiss and further erred in permitting the issue to be presented to the jury.

We grant transfer, vacate the opinion of the Court of Appeals as to the issue raised by the City and remand this cause to the trial court with instructions to grant the City's motion to dismiss.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 377 N.E.2d 623.