**BOARD OF AVIATION COMMISSION-ERS OF ST. JOSEPH COUNTY, IND., et al., Defendants-Appellants,**

v.

**Kenneth L. HESTOR and Harriet B. Hestor, Appellees-Plaintiffs.**

No. 3–884A215

Court of Appeals of Indiana, Third District.

Jan. 17, 1985.

Don G. Blackmond, John E. Doran, South Bend, for defendants-appellants.

James W. Roehrdanz, Galvin, Stalmack & Kirschner, Hammond, for appellees-plaintiffs.

STATON, Presiding Judge.

Harriet B. and Kenneth L. Hestor sued multiple defendants for damages arising from injuries sustained by Mrs. Hestor in a fall at the Michiana Regional Airport. Defendants, Board of Aviation Commissioners of St. Joseph County, St. Joseph County Airport Authority, Board of St. Joseph County Airport Authority and individually named Board Members filed a motion for

summary judgment asserting the failure of the plaintiffs to comply with the notice provisions of the Indiana Tort Claims Act. IC 34–4–16.5–1 *et seq.* The trial court denied the motion, finding there was a substantial issue of material fact. Pursuant to Appellate Rule 4(B)(6)(a) the trial court certified the issues raised by the denial of summary judgment as proper for appeal.

Restated, the issue raised on appeal is whether there exists a genuine issue of material fact regarding the Hestors' compliance with the Tort Claims notice provisions.

We affirm.

On October 29, 1981 Harriet Hestor allegedly slipped and fell on a sidewalk ramp at the Michiana Regional Airport in South Bend. The Hestors' daughter Sue, an attorney licensed to practice in California, initially handled the matter on behalf of her parents. The Affidavit of Sue Hestor, submitted in opposition to the Motion for Summary Judgment, details her contacts with the Airport Authority, beginning with a letter that she mailed on March 19, 1982 to Thomas Lehman, the insurance adjustor for the Authority. The letter identifies Harriet Hestor as the claimant, the handicapped ramp at the South Bend Airport as the location of Harriet Hestor's fall and October, 1981 as the date of the occurrence. The letter also indicates that Harriet Hestor suffered a broken hip in the fall. The letter refers to a previous telephone conversation between Lehman and Sue Hestor and requests a copy of a statement taken from Harriet Hestor concerning the accident. In response to her March 19, 1982 letter Sue Hestor received a letter dated March 30, 1982 and signed by C.T. Miller, Operations Supervisor of the St. Joseph County Airport Authority. Miller's letter acknowledged receipt of Sue Hestor's letter, advised her that a copy of her letter, along with the Accident Report taken from Harriet Hestor on November 21, 1981, would be forwarded to the Authority's insurance agent. Miller directed that any further correspondence in regard to the claim be sent to the insurance agent.

On April 20, 1982 Lehman also acknowledged receipt of Hestor's letter, requested a diagram pinpointing the exact location of the fall, indicated that final medical reports and bills would be necessary before any settlement offer could be made and suggested that, on the basis of facts gathered so far, liability was questionable.

Sue Hestor's affidavit also shows that she was the author of a "mailgram" dated April 26, 1982, addressed to the St. Joseph County Airport Authority which reads in part as follows:

"THIS MAILGRAM IS A CONFIRMATION COPY OF THE FOLLOWING MESSAGE:

\* \* \* \* \* \*

PURSUANT TO TITLE 34–4–16.5 I AM FILING A CLAIM FOR HARRIET HESTOR FOR A FALL RESULTING IN A SERIOUSLY BROKEN HIP AT THE MICHIANA REGIONAL AIRPORT ON 10–29–81 ABOUT NOON (YOUR FILE 187–34776–L). THE FALL RESULTED FROM INAPPROPRIATE AND NEGLIGENT USE OF HIGH–GLOSS, SLIPPERY PAINT ON A WHEELCHAIR RAMP IN FRONT OF THE OLD TERMINAL BUILDING, WITNESS IS ANN THEBUS, DAMAGES SOUGHT ARE $50,000 MEDICAL "AND REHABILITATION; $50,000 LOSS OF INCOME; $150,000 GENERAL DAMAGES, INCLUDING BUT NOT LIMITED TO PAIN AND SUFFERING.

A SECOND CLAIM ON BEHALF OF KENNETH HESTOR, HUSBAND OF HARRIET HESTOR, IS FILED IN THE AMOUNT OF $100,000 FOR MEDICAL AND REHABILITATION SERVICES AND FOR LOSS OF SERVICES AND COMPANIONSHIP.

SUE HESTOR, ATTORNEY."

With its motion for summary judgment the Airport Authority submitted the affidavit of John Schalliol, Airport Director. The mailgram was attached to the affidavit as "Exhibit A" and Schalliol affirmed that the mailgram was the "only legal notice received by the St. Joseph County Airport Authority regarding the claims of (the He-

stors)." There is no indication in the record of when the mailgram was received by the Airport Authority, but Schalliol states that no notice of the claim was received by registered or certified mail or delivered in person. The record further shows that on September 29, 1982 Lehman, the insurance adjuster, wrote to Sue Hestor once again acknowledging receipt of the requested diagram, inquiring about the condition of Harriet Hestor and asking whether Sue was prepared to send "the necessary information to present your claim for her." The Hestors' complaint was subsequently filed on October 18, 1983. The Authority's Motion for Summary Judgment was denied and certified as proper for interlocutory appeal on July 11, 1984.

When reviewing a grant or denial of summary judgment, the Court of Appeals must determine whether there existed any genuine issue of material fact, and whether the trial court correctly applied the law. *Hurst v. Board of Com'rs of Pulaski County* (1983), Ind.App., 446 N.E.2d 347, 349. The moving party bears the burden of proving that no issue of material fact exists. Thus the defendant seeking summary judgment must set forth specific facts that negate plaintiff's claim, even though plaintiff would have the burden of proof at trial. *McCullough v. Allen* (1983), Ind.App., 449 N.E.2d 1168, 1171. Evidentiary matters before the court are to be construed in the light most favorable to the non-moving party, and even if facts are not in dispute, summary judgment is inappropriate if conflicting inferences arise from the facts. *Marsym Development Corp. v. Winchester Economic Development Com'n.* (1983), Ind.App., 447 N.E.2d 1138, 1141–42, *trans. denied* (1984), 457 N.E.2d 542. Summary judgment is not a substitute for trial in determining factual issues but is merely a procedure for applying the law to the facts when no controversy exists as to the facts or the inferences to be drawn from them. *Marsym, supra; F.W. Means & Co. v. Carstens* (1981), Ind. App., 428 N.E.2d 251, 258.

The issue of compliance has been held to be a procedural precedent which is not a question of fact for the jury but is to be determined prior to trial by the court. *City of Indianapolis v. Satz* (1978), 268 Ind. 581, 377 N.E.2d 623, 625.

The trial court's denial of the summary judgment motion was based upon its finding that there were material issues of fact remaining which should be resolved at an evidentiary hearing prior to trial.

In the instant case, therefore, in order for the Airport Authority to prevail in its attempt to win a reversal of the denial of its motion for summary judgment, we must find that the Authority has negated the existence of any genuine issue of material fact concerning the Hestors' compliance with the notice requirements of the Indiana Tort Claims Act. We must be able to say that from the facts no reasonable inference could be drawn that a genuine issue remains with regard to whether the Hestors fulfilled the notice requirements.

The Indiana Tort Claims Act provides that a claim against a political subdivision is barred unless notice is filed with the governing body of the political subdivision within one hundred eighty (180) days after the loss occurs. IC 34–4–16.5–7 (Burns Code Ed., 1984 Supp.). The form of notice required is set forth at IC 34–4–16.5–9:

"The notice required by sections 6, 7, and 8 of this chapter shall describe in a short and plain statement the facts on which the claim is based. The statement shall include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice."

Section 11 of the Act requires further that the notice "must be in writing and must be delivered in person or by registered or certified mail." IC 34–4–16.5–11.

The Airport Authority bases its claim of non-compliance upon the fact that the mail-

gram was not delivered in person or by registered or certified mail as required by the statute. The second prong of the argument is that the Hestors have failed to affirmatively show that written notice of the claim was filed within 180 days of October 29, 1981.

We note initially that even though the Hestors would ultimately have the burden of proving notice was given within 180 days, *Thompson v. City of Aurora* (1975), 263 Ind. 187, 325 N.E.2d 839, 843, since the procedural posture of the case is summary judgment, the Airport Authority, as the moving party has the burden of negating the existence of any issue or conflicting inferences regarding compliance in order to be entitled to summary judgment.

The notice requirements of the Tort Claims Act are phrased in mandatory language, however, the courts have held that substantial compliance with its provisions will suffice when the purpose of the statute has been satisfied. In *Galbreath v. City of Indianapolis* (1970), 253 Ind. 472, 255 N.E.2d 225 the Supreme Court noted that the purpose of the statute is to advise the political subdivision of an incident so that it may promptly investigate the surrounding circumstances. The Court refused "to endorse a policy which renders the statute a trap for the unwary *where such purpose has in fact been satisfied.*" (Emphasis in the original), *Id.* at 229. The Court also saw no need to distinguish between substantial compliance with the form and content requirements and compliance as it relates to notice to the proper officials. *Id.* In *Galbreath* the plaintiff's notice was sent to the City Legal Department rather than to the Mayor.

■ While actual knowledge or routine investigation by the political subdivision will not relieve a claimant of the duty to give notice, it is clear that the notice requirement can be waived or substantial compliance proved. *Lawrence County Com'rs. v. Chorely* (1979), Ind.App., 398 N.E.2d 694, 696. Substantial compliance has even been found where there was no writing at all. In *Delaware County v.*

*Powell* (1979), 272 Ind. 82, 393 N.E.2d 190, for example, plaintiff was a passenger in a vehicle struck by a county highway truck. The county's insurer contacted the plaintiff, made payments to her and advised her to make final settlement because the two year statute of limitations was soon to expire. They denied making admissions of liability and rejected plaintiff's written notice of claim because the 180 day notice period had passed. The Court upheld the trial court's denial of the county's motion for summary judgment on the notice issue, agreeing with the trial court that material issues of fact remained regarding substantial compliance and waiver of the notice requirements. *Id.* at 192. The Court wrote:

"... it appears that acts or conduct of the defendant or his agent as well as acts of the plaintiff could establish that the purposes of the statute were satisfied, that is, that the city was advised of the accident and that it promptly investigated the surrounding circumstances to determine its possible liability and to prepare a defense. Other facts proving preparation of a defense or admissions of liability; letters or writings involving descriptions of the incident, causes and conditions thereof or the nature and extent of injuries; promises; payments; settlements or other conduct or acts of the defendant or his agents or of the plaintiff, could be offered to prove that the purposes of the statute have been satisfied. When the purposes of the statute are fully satisfied, it is clear that the result is substantial compliance with the statute. When acts and conduct of the defendant or his agents have established that the purposes of the statute have been satisfied, these acts and conduct could constitute a waiver of notice or create an estoppel."

*Id.*

A similar situation existed in *Lawrence County Com'rs. v. Chorely, supra.* Plaintiff's auto was damaged by stones falling from a county truck. She called a commissioner the same day and was told he al-

ready knew of the accident and the claim would be settled. The plaintiff provided estimates of the damage as directed by the commissioner and contacted him again by telephone. The plaintiff was finally called by the insurance company and told to sue. The trial court denied the county's motion to dismiss for failure to give the statutory notice and rendered judgment for the plaintiff on the basis of substantial compliance. Although there was no writing which conformed to the statutory mandates, the Court of Appeals held there were sufficient facts in the record from which the court could have found that the acts and conduct of the defendant's insurer created a waiver of notice, or an estoppel, or that there had been substantial compliance by the plaintiff. *Id.* at 698.

The trial court, in its memorandum accompanying the order denying summary judgment, found several factual issues remaining which precluded summary judgment and we agree. In the first place we cannot agree with the Airport Authority that failure to deliver the mailgram in person or by registered or certified mail is fatal to the Hestors' case. The very basis of substantial compliance is that technical requirements may be forgiven where the purpose of the statute has been fulfilled. There are questions remaining as to when the mailgram was received by the Authority and since it was dated April 26, 1982, still within the statutory period, an inference arises that it was received within the statutory period.

Notwithstanding any infirmities in the delivery of the mailgram, there is still the question of whether the correspondence as a whole between Sue Hestor, Lehman and the Authority constitutes substantial compliance. Hestor's March 19 letter apprised Lehman of all the particulars of the accident and the Authority acknowledged receiving that information. Neither Lehman nor the Authority denied liability and in fact continued investigation and discovery after the statutory period expired. This leads to the inference that this was more than a routine investigation and that the

Hestors had substantially complied in notifying the Authority so that preparation could be made for settlement or for defense of the claim.

The trial court believed these matters required the fuller exposition afforded by an evidentiary hearing and correctly ruled that summary judgment was inappropriate. The trial court's judgment is affirmed and the cause is remanded for an evidentiary hearing on the notice question.

GARRARD and HOFFMAN, JJ., concur.