**William H. HOLLAND, Appellant,**

v.

**Jeffery L. KING, Appellee,**

**First National Bank of Richmond, Corporation, Mortgagee of The Property Claimed by Jeffery L. King, Appellee.**

**No. 4–385A50.**

Court of Appeals of Indiana,
Fourth District.

Dec. 2, 1986.

Rehearing Denied Feb. 3, 1987.

Terry O'Maley, Richmond, for appellant.

Robert L. Hudson, Jr., Richmond, for appellee.

MILLER, Judge.

William Holland, former property owner, filed a complaint to quiet title against the tax deed of Jeffrey King and First National Bank of Richmond. The parties stipulated the facts. After a hearing, the trial court granted purchaser King's motion for summary judgment and found notice by certified mail to Holland at his last known address met the statutory notice requirements under IND.CODE 6-1.1-24-4 [notice to owner of tax sale] and IND.CODE 6-1.-1-25-6 [notice to owner before issuance of

tax deed] as well as constitutional due process notice requirements. Holland appeals and argues the Wayne County Auditor did not provide actual notice to him of the tax sale or the issuance of the tax deed and that notice by certified mail to the former owner's last known address is insufficient to meet both statutory and constitutional requirements when the notice was sent to an incorrect address and returned to the Auditor as unclaimed or moved-not forwardable. In addition, Holland argues summary judgment was erroneous because, although the parties stipulated the facts, the inferences arising from the facts are disputed and require trial for resolution.

We affirm.

## FACTS

On March 6, 1972 Holland purchased a parcel of real estate in the City of Richmond, Wayne County, Indiana known as "50 foot lot 107 of Bickel and Law Addition" and "411 South 10th Street" (Property). Holland or his tenants retained possession and use of the property from March 6, 1972 through August 13, 1981.

In connection with the purchase, Holland informed the Wayne County Treasurer and the Wayne County Auditor his mailing address was 29 Spring Street, Dover, New Jersey 07801. Consequently, Holland received his tax statements at this address for taxes due in 1972 and payable in 1973. Holland paid these taxes.

In September 1975, Holland moved from Dover, New Jersey to 4 South 779 Pinehurst Drive, Naperville, Illinois 60540. Holland did not, at that time or any time thereafter, notify the Treasurer or the Auditor of his move and change of address in September 1975. The post office forwarded Holland's mail from his former New Jersey address to his current Illinois residence for one year after notification of Holland's new address. Holland received his tax statements for taxes due in 1973, 1974, and 1975 each payable in following year 1974, 1975, and 1976, which were sent to his New Jersey address, and paid the taxes on November 9, 1976. The U.S. Post Office forwarded the 1975 tax statement due and payable in 1976, which was mailed to 29 Spring Street, Dovie, New Jersey 07801 (Dover was misspelled), to Holland's new home in Naperville, Illinois at 4 South 779 Pinehurst Drive. The 1976 payment was receipted on a tax duplicate to William H. Holland, 29 Spring Street, *Dovie*, New Jersey 07801.

The post office forwarded Holland's mail until September, 1976. Wayne County mailed, but Holland did not receive, his tax statements for 1976 and 1977 taxes, payable in 1977 and 1978. Holland did not pay these taxes. The Wayne County Auditor listed the Property on July 1, 1979 as having one or more installments of property taxes delinquent for 15 months and the Property was included in the delinquency list subject to tax sale on the second Monday in August 1979. On July 3, 1979, the Auditor sent a notice of the tax sale proceedings of the Property due to real estate tax delinquencies to be held August 11, 1979 by certified mail with return receipt requested to Holland at 29 Spring Street, *Dovie*, New Jersey 07801. Holland did not receive the notice, and it was returned to the Auditor marked "unclaimed" by the Patterson, New Jersey 07505 postal processing center for all zip codes beginning 074, 075, and 078 including Dover, New Jersey.

On August 13, 1979 the Wayne County Treasurer sold the Property at public auction to the highest bidders, Annabell King, Fred King, and Jeffrey King for $1,000.00, which covered the delinquent taxes and produced a surplus of $421.18. The Kings were issued a Tax Sale Certificate by the Wayne County Auditor, and all later tax bills and receipts were sent to the Kings at 4732 U.S. 27 North, Richmond, Indiana 47374.

Two years later, on July 2, 1981, the Auditor sent, by certified mail with return receipt requested, a "Notice of Tax Sale Redemption or Issuance of Deed" to Holland at 29 Spring Street, *Dovie*, New Jersey 07801. This notice was returned to the

Auditor by the Dover post office marked "Moved-Not Forwardable." Holland did not receive this notice and had no actual knowledge of this information, except that he had not paid his taxes on the Property for the years 1976, 1977, 1978, 1979, and 1980. Holland failed to redeem his interest in the Property before August 13, 1981, within two years of the date of the tax sale. On August 14, 1981, the Auditor issued a tax deed for the Property to Annabell King, Fred King, and Jeffrey King. Jeffrey King took possession of the Property on August 14, 1981 by evicting Holland's tenants, Mr. and Mrs. Bill Henderson. Annabell King and Fred King transferred their interest in the Property by quitclaim deed to Jeffrey King, who executed a mortgage on the Property to First National Bank of Richmond, Indiana.

On August 12, 1982, Holland filed this complaint to quiet title against the tax deed of Jeffrey L. King and First National Bank.[1] The trial court granted summary judgment and quieted title in favor of King, finding both statutory and constitutional notice requirements had been met by the Wayne County Auditor and Treasurer.

### Issues

Holland raises the following issues on appeal, which have been restated:

I. Whether the trial court erred in finding the Wayne County Auditor complied with statutory notice requirements pursuant to IND.CODE 6–1.1–24–4 by sending Holland, the owner of the property, notice of the tax sale proceedings by certified mail at his last known address.

II. Whether notice to the property owner of tax sale proceedings by certified mail at his last known address pursuant to I.C. 6–1.11–24–4 meets constitutional due process requirements that notice be reasonably calculated under all the circumstances to inform the property owner of the action so that he might have reasonable opportunity to object.

III. Whether the trial court erred in finding the Wayne County Auditor complied with statutory notice requirements pursuant to I.C. 6–1.1–25–6 by sending Holland, former owner of the property, notice by certified mail at his last known address of his right to redemption and the pending issuance of a tax deed.

IV. Whether notice to the property owner by certified mail at his last known address of the right to redemption and the pending issuance of a tax deed pursuant to I.C. 6–1.1–25–6 meets constitutional due process requirements that notice be reasonably calculated under all the circumstances to inform the property owner of the action so that he might have reasonable opportunity to object.

V. Whether the trial court erred in granting summary judgment on the stipulated evidence when there remains a good faith dispute as to the inferences to be drawn from the stipulated facts.

I. *Statutory Notice of Tax Sale Proceedings*

Holland argues that the statutory notice of tax sale requirements pursuant to I.C. 6–1.1–24–4 were not met by the Wayne County Auditor's sending notice by certified mail, return receipt requested, to Holland's last known address because the notice was improperly addressed and sent to 29 Spring Street, *Dovie*, New Jersey 07801.

---

1. The procedures are legislatively prescribed in the Real Property Tax Sales and Redemption of Property—Tax Deeds statutes. Ind.Code § 6–1.-1–24–1 to 12, 25–1 to –19 (Burns Code Ed., 1985 Repl.).

Holland's cause of action necessarily came within the provisions of IC 6–1.1–25–16:

"A person may defeat the title conveyed by a tax deed executed under section 4 of this chapter only by proving: (7) if the original owner is claiming adversely to the deed, that the notice required by IC 1971, 6–1.1–24–4 and section 6 of this chapter were not given in the manner prescribed in those sections.

'Section 4' refers to IC 6–1.1–25–4, which provides in pertinent part: (a) If a certificate of sale is issued to purchaser ... and the real property is not redeemed within two (2) years after the date the certificate is issued, ... the county auditor shall, upon receipt of the certificate and subject to the limitations contained in this chapter, execute and deliver a deed for the property to the purchaser...."

The stipulated evidence reveals the Auditor received this notice returned "unclaimed" with receipt from Patterson, New Jersey. Holland argues Indiana law requires strict compliance with tax sale notice procedures and because there is no evidence here that the required statutory notice ever reached his last known address in Dover, New Jersey or that the Auditor made any effort to correct the improperly addressed notice, the notice was inadequate and renders the tax sale ineffectual entitling King to only a lien on the property.

King argues that the Auditor properly sent notice to Holland of the tax sale in compliance with I.C. 6–1.1–24–4. Even though the notice was addressed "Dovie" rather than "Dover", the Auditor affixed the correct state and ZIP Code (New Jersey, 07801) and the notice actually reached Dover. The notice was returned to the Auditor postmarked from Patterson, New Jersey 07505, which is the processing center for all ZIP Codes beginning with 074, 075, and 078. Patterson processes all mail incoming and outgoing for delivery to Dover, New Jersey. King argues the notice was in fact received in Dover and, upon Holland's failure to claim the notice, it was returned by the Dover post office to the Patterson post office, which returned the notice to the Auditor marked "unclaimed".

IND.CODE 6–1.1–24–4, notice to owner of tax sale proceedings, provides:

"... (a) *the county auditor shall send a notice of the sale by certified mail to the owner or owners of the real proper-ty at their last known address.* The county auditor shall prepare the notice in the form prescribed by the state board of accounts, and he shall mail the notice at least twenty-one (21) days before the day of sale.

(b) On or before the day of sale, the county auditor shall certify, on the tax sale record required by IC 6–1.1–25–8, that notice was given in the manner prescribed in this section."

(emphasis added).

Where statutory language is clear and unambiguous, it is the duty of this court to give effect to the plain meaning of the statute. *Indiana Collectors v. Conrad* (1984), Ind.App., 466 N.E.2d 768; *Beasley v. Kwatnez* (1983), Ind.App., 445 N.E.2d 1028. The language employed by the legislature in I.C. 6–1.1–24–4 is clear. Holland was entitled to notice of the tax sale "by certified mail" at his "last known address". The legislature placed a duty upon the property owner to inform the county auditor and treasurer of his current address. The legislature placed a corresponding duty upon the county auditor and treasurer to send notice by certified mail to the property owner's last known address before putting the property up for tax sale.[2]

The statutory notice requirement was met by the Auditor's mailing the notice to Holland at 29 Spring Street, "Dovie", New Jersey 07801. A typographical error in the name or address of the taxpayer does not automatically mean notice fails to comply with statutory requirements or is

2. Several of our sister jurisdictions have reached the same conclusion. *See, Southern Region Industrial Realty, Inc. v. Timmerman* (1985), 285 S.C. 142, 328 S.E.2d 128 (fact that tax records did not show correct address of owner and all notices associated with tax sale went to wrong address did not mean owner did not receive required statutory notice, since statute does not require tax collector give actual notice each year of taxes due or actual notice of levy, seizure, advertisement, or sale); *Long v. Dillon* (1984), Mont., 679 P.2d 772 (burden falls on taxpayer to keep taxing authority informed of his interest in land and current address); *Henderson County v. Osteen* (1977), 292 N.C. 692, 235 S.E.2d 166 (where notice of execution sale is sent by registered or certified mail to the listing taxpayer at his last known address, notice in conjunction with posting and publication required by statute satisfies statute and due process); *Stubbs v. Cummings* (1976), Fla.App., 336 So.2d 412 (statute requiring notice be given owners of procedures which lead to loss of land for nonpayment of taxes does not require actual receipt but strict adherence to statutory requirements is essential); *Consolidated Motors v. Skousen* (1941), 56 Ariz. 481, 109 P.2d 41 (where property owner is given reasonable time and place to protect his interests, the mere fact that he did not have actual notice thereof does not invalidate a tax proceeding, since the duty is imposed upon the property owner to watch various tax proceedings to protect his interests.)

unreasonable. Here, notice was addressed to an incorrect town, but it actually arrived at the correct city given by Holland to the county as his address. Holland's argument must fail because, in spite of the typographical error, the evidence is undisputed that notice arrived at the correct post office and Holland was informed at the correct address that notice was available for pick up. *Holland's tax statements for 1975, mailed in 1976 to the "Dovie", New Jersey address reached Holland and was returned to the Treasurer with payment.* It is undisputed that the "Dovie" address was adequate to reach Holland from 1972 through 1976 when Holland lived in Dover, New Jersey and for one year after he moved to Illinois and failed to notify the Treasurer and the Auditor of his change of address. Notice to the "Dovie" address was likely to reach Holland, even where he has failed to take the steps necessary to preserve his own property interest, and the Auditor has mistakenly misspelled the town of destination.

Under these circumstances, we find the Auditor complied with the requirements of I.C. 6–1.1–24–4.

## II. *Constitutionality of Statutory Notice of Tax Sale*

Holland argues that notice of tax sale must comply not only with Indiana statute but also with the requirements of the due process clause of the 14th Amendment. Holland contends that mailed notice to the wrong address does not meet due process standards when the Auditor is promptly and clearly informed by the postal service that notice was unclaimed. Holland further argues that the Auditor failed to take any reasonable routine business steps to correct the improperly addressed notice, to ascertain Holland's whereabouts, or to ascertain a reasonable method of informing Holland of the impending tax sale. As a

result, Holland asserts both the notice and the tax sale are deficient.

King argues that the Auditor complied with the statutory requirement by sending notice of the tax sale to Holland by certified mail at his last known address and compliance with the statute affords Holland all due process necessary under the 14th Amendment. King asserts notice was not sent to the wrong address but actually reached Dover where it was unclaimed. In addition, King argues the Auditor had no notice that Holland had moved and was informed only that the letter was unclaimed and not that Holland was no longer at that address. King points out that Holland's tax statement for 1975, mailed in 1976, to the "Dovie" address, was returned by Holland to the Wayne County Treasurer in 1976 with payment for 1975 and all previous unpaid taxes. King argues that the address must have been adequate to reach Holland in 1976 because it did reach him in Naperville, Illinois. King contends the Auditor was not surprised at the tax delinquency because Holland made a habit of not paying his taxes on time and therefore the Auditor had no reason to believe Holland was no longer at that address.

Both parties cite the landmark case of *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 in support of their respective positions. In *Mullane*, the United States Supreme Court recognized that prior to an action which will affect an interest in life, liberty, or property protected by the due process clause, a state must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314, 70 S.Ct. at 657. Since Holland, as the owner, clearly has a legally protected property interest, he is entitled to notice reasonably calculated to apprise him of a pending tax sale.[3]

---

**3.** Our Indiana statute requires that constructive notice by publication and posting, I.C. 6–1.1–24–1 (It is not disputed that notice by publication and posting were performed in this case), must be supplemented by notice by certified mail to the owner's last known address. I.C. 6–1.1–24–4. Publication and posting are designed primarily to attract prospective purchasers to the tax sale and are unlikely to reach owners who, although they have an interest in

Notice is constitutionally adequate when "the practicalities and peculiarities of the case ... are reasonably met." *Mullane, supra,* 339 U.S. at 314–315, 70 S.Ct. at 657. *See also, Walker, supra,* 352 U.S. at 115, 77 S.Ct. at 202; *Greene v. Lindsey* (1982), 456 U.S. 444, 449–450, 102 S.Ct. 1874, 1877–1878, 72 L.Ed.2d 249. Whether a particular method of notice chosen by the state is reasonable depends upon the outcome of the balance between the interest of the state and the individual interest sought to be protected. *Mullane, supra,* 339 U.S. at 314, 70 S.Ct. at 657. The property owner's interests includes his right to ownership, possession, and profits derived from the property as well as the risk of erroneous deprivation of these rights. The state's interests include the orderly, timely, and efficient collection of taxes and the effect upon these procedures of both the additional cost and time of the burden to search for a taxpayer and the value of the search as an additional safeguard. We note that the state's interests are based upon the sovereign power of taxation and both the cost and benefits of any additional burden placed upon the state will be passed on to all taxpayers. However, given the lengthy time periods and multiple notices throughout the statutory procedure for collection of taxes, leading up to tax sale, redemption period, and issuance of tax deed, we find the balance weighs in favor of the state. Notice to a property owner of pending tax sale by certified mail at his last known address is a means of notice reasonably calculated, under Indiana statutory property tax provisions, to apprise the owner of the pending tax sale and afford him an opportunity to present his objections.

Our conclusion is supported by *Mennonite Bd. of Missions v. Adams* (1983), 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180. That case involved a tax sale in Indiana where publication, posting, and notice by certified mail to the owner were performed. However, no mailed notice was given to the mortgagee nor was it then required by our statute. The Supreme Court held the mortgagee had a property interest in the home and stated:

> When the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's *last known address,* or by personal service ...

> Notice by mail or other means as certain to ensure actual notice is a *minimum constitutional precondition* to a proceeding which will adversely affect the liberty or property interests of any party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable. 462 U.S. at 798–800, 103 S.Ct. at 2711–2712.

Thus we find the trial court's conclusion on this issue was correct and reasonable notice was afforded by certified mail.

### III. *Statutory Notice of Issuance of Tax Deed*

Holland argues that the Auditor did not comply with I.C. 6–1.1–25–6 which specifies:

> (a) The county auditor shall send *notice by certified mail to the former owner* of real property not more than sixty [60] days nor less than thirty [30] days before a tax deed for the property is executed and delivered under this chapter.[4]

the property, do not make special efforts to keep abreast of such notices. *Mullane, supra,* 339 U.S. at 315, 70 S.Ct. at 657; *Walker v. City of Hutchinson* (1956), 352 U.S. 112, 116, 77 S.Ct. 200, 202, 1 L.Ed.2d 178; *New York City v. New York N.H. & H.R. Co.* (1953), 344 U.S. 293, 296, 73 S.Ct. 299, 301, 97 L.Ed. 333.

4. I.C. 6–1.1–25–6 further states:

"(a) ... The county auditor shall prepare the notice on the form prescribed by the state board of accounts. The notice shall contain:
(1) The name of the former owner as determined by reference to the transfer book of the county auditor;
(2) The description of the real property shown on the certificate of sale;
(3) A statement that the real property was sold at a tax sale;
(4) The date the real property was sold;

Holland argues statutes regulating tax sales and quiet title actions must be construed collectively and that looking at both the notice requirement prior to tax sale, I.C. 6–1.1–24–4 (notice to owner by certified mail at last known address), and the notice requirement prior to tax deed issuance, I.C. 6–1.1–24–4 (notice by certified mail to former owner), one must presume the legislature intended actual service prior to tax deed issuance because it omitted the words "at last known address". In addition, Holland claims the Auditor knew the notice sent to Holland was improper and ineffective when the attempted notice was returned and placed in his files as undeliverable and the statute impliedly requires alternative methods of notice be utilized when certified mail is unsuccessful. Holland asserts since notice was not received by him, the tax deed is void and entitles King only to a lien on the Property under I.C. 6–1.1–25–12.

King argues the Auditor complied with I.C. 6–1.1–25–6 by sending notice of tax sale redemption or issuance of deed to Holland by certified mail to his last known address. King notes the statute at issue directs notice to be sent by "certified mail to the former owner" and asks where else an auditor would mail such a letter but to a person's last known address.

In construing statutes, our foremost concern is to determine and give effect to the true intent of the legislature. *Frame v. South Bend Community School Corp.* (1985), Ind.App., 480 N.E.2d 261. Where the meaning of the language of the statute is ambiguous or where more than one construction of that language is possible, we will construe the statute to determine the apparent legislative intent. *Johnson v. LaPorte Bank & Trust Co.* (1984), Ind.App., 470 N.E.2d 350. The language at issue here, I.C. 6–1.1–25–6, requires "notice by certified mail to the former owner of real property". This language is not ambiguous as to the form of the notice. "By certified mail" does not require personal notice. However, the language specifying "to the former owner" without specifying where such notice is to be sent requires statutory construction.

In construing statutes, the court may not view specific sections in isolation, but must ascertain the sections effect and application by viewing it in context with the entire act. *Smith v. State, ex rel. Medical Licensing Board of Indiana* (1984), Ind.App., 459 N.E.2d 401. Legislative intent as ascertained from an act as a whole prevails over the strict literal meaning of any word or term used therein. *Park 100 Development Co. v. Indiana Department of Revenue* (1981), Ind., 429 N.E.2d 220. When a court is called upon to construe words in a single section of a statute, it must construe them with due regard for all other sections of the act in order that the spirit and purpose of the statute be carried out. *Detterline v. Bona Ventura* (1984), Ind.App., 465 N.E.2d 215.

We find notice by certified mail to the former property owner's last known address is sufficient to comply with the statutory mandate that notice be sent by certified mail to the former owner. Notice by certified mail at last known address is required by our statute for yearly tax statements, tax delinquency statements, and notice of tax sale proceedings and redemption rights. It is also sufficient for

(5) The name of the purchaser;
(6) A statement that the former owner is entitled to redeem the real property;
(7) The amount of money required to redeem the real property;
(8) A statement that the purchaser, of his successors or assigns, is entitled to reimbursement for additional taxes of special assessments on the real property paid by him subsequent to the tax sale and before redemption;
(9) A statement that the real property has not been redeemed; and

(10) A statement that the purchaser, or his successors or assigns, is entitled to receive a deed for the real property if it is not redeemed before a certain date.
(b) The county auditor shall retain in his office a copy of such (each) notice required by this section, and he shall certify on the copy that the notice was mailed in the manner prescribed in this section and the date on which the notice was mailed."
(Burns Code Ed. 1985 Repl.)

final notice of redemption rights and pending issuance of tax deed. Our legislature intended to place the burden of notifying the county taxing authority of the taxpayer's correct address upon the taxpayer. If the county sends notice to the taxpayer's last known address as supplied by the taxpayer, and the notice reaches this address, then notice is sufficient under I.C. 6–1.1–25–6.

## IV. *Constitutionality of Statutory Notice of Issuance of Tax Deed*

Holland argues that the notice sent to him at his last known address regarding the final redemption rights and impending forfeiture of his property violates due process because it was not reasonably calculated to inform him or afford him an opportunity to object to the issuance of tax deed. Holland claims the auditor knew he was mailing the notice to the wrong address because the notice of tax sale sent two years earlier was returned to the auditor marked "unclaimed", and that the auditor had a duty to employ reasonable business methods to locate Holland when this notice was returned "moved-not forwardable."

King claims the notice sent satisfies due process requirements.

We have addressed Holland's arguments concerning the "wrong address" and find this argument must fail because, in spite of the typographical error in the spelling of the city, the evidence is undisputed that notice arrived at the correct post office.

Whether a particular method of notice is reasonable depends upon the outcome of the balance between the interest of the state and individual interest sought to be protected by the 14th Amendment. *Mullane, supra.* The method of notice at issue is notice by certified mail to the property owner at his last known address. The state's interests include the orderly, timely, and efficient collection of taxes and the effect upon these procedures of both the addition cost and time of additional requirements and the value of these additional requirements as a safeguard. The property owner's interests include his right to

ownership, possession, and profits derived from the property as well as the risk of erroneous deprivation of these rights. Again, we find the balance weighs in favor of the state and that constructive notice by certified mail to the owner's last known address is reasonable and satisfies the requirements of due process.

## V. *Summary Judgment*

Holland challenges the trial court's granting of King's motion for summary judgment. Holland does not claim that material issues of fact exist but rather argues summary judgment was erroneous because, despite the stipulated evidence, there remains a good faith dispute as to the inferences to be drawn from the stipulated facts, as well as the possibility of additional facts being introduced as to whether the notice procedures used for the tax sale and/or the issuance of the tax deed comply with the requisite statutory and constitutional requirements of notice. Holland contends the reasonableness of the Auditor's efforts to notify Holland of the tax sale, his redemption rights, and the issuance of the tax deed remain a good faith factual dispute from which diverse inferences may be drawn. Holland claims the trial court did not have all of the facts before it regarding alternative reasonable methods of service or efforts the Auditor did not could have taken to effectuate notice to Holland or regarding the circumstances of Holland which might have made notice more or less reasonably accomplished.

King argues Holland is estopped from arguing disputed inferences remain to be drawn from the stipulated facts because all parties agreed on August 29, 1983 that any issue of fact was to be eliminated by a stipulation of facts later filed by the parties on February 20, 1984. King contends that if Holland wished to argue other reasonable methods of service, he should have done so before this appeal. First National also argues all facts relevant to compliance with statutory and constitutional notice requirements were agreed to by the parties in the stipulations filed, and so summary

judgment was proper as a matter of law. First National maintains that it was the intent of all parties to resolve the case by summary judgment and the parties supplied the trial court with stipulations of fact to achieve that purpose.

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Creighton v. Caylor-Nickel Hospital, Inc.* (1985), Ind.App., 484 N.E.2d 1303, 1305–1306. The burden is upon the moving party in a summary judgment motion to establish the lack of a genuine issue of material fact. *Ancich v. Mobile Oil Corp.* (1981), Ind.App., 422 N.E.2d 1320.

 When reviewing the grant of a motion for summary judgment, we stand in the shoes of the trial court. *Lafary v. Lafary* (1985), Ind.App., 476 N.E.2d 155, 158. We must liberally construe all evidence in favor of the nonmovant and resolve any doubts as to the existence of a genuine issue against the proponent of the motion. *Kahf v. Charleston South Apartments* (1984), Ind.App., 461 N.E.2d 723, 729. Even if facts are not in dispute, summary judgment is not appropriate if conflicting inferences arise from the facts. *Board of Aviation Commissioners of St. Joseph County v. Hestor* (1985), Ind.App., 473 N.E.2d 151.

Summary judgment may not be used as a substitute for trial to resolve factual disputes but is merely a procedure for applying the law to the facts when no controversy exists as to the facts or the inferences to be drawn from them. *Marsym Development Corp. v. Winchester Economic Development Com'n* (1983), Ind. App., 447 N.E.2d 1138. Even if the trial court believes the nonmoving party will not be successful at trial, summary judgment should not be entered where material facts conflict or conflicting inferences are possible from undisputed facts. *Grimm v.*

*Borkholder* (1983), Ind.App., 454 N.E.2d 84, 86.

While the parties here disagree as to the reasonableness of the Auditor's efforts to notify Holland, this is a legal question, not a factual question. The issue of compliance with notice requirements is generally not a question of fact for the jury but is rather a procedural precedent to be determined prior to trial by the court. *Hestor, supra; City of Indianapolis v. Satz* (1978), 268 Ind. 581, 377 N.E.2d 623. Here, after the parties stipulated to the facts, neither the material facts nor their inferences conflicted so the trial court was then required to apply the law to the facts.

The judgment of the trial court is affirmed.

CONOVER, P.J., and YOUNG, J., concur.