Owen K. **COBBUM** and Saundra K. Cobbum, Appellants–Defendants,

v.

**AMERITRUST NATIONAL BANK, MICHIANA, f/k/a State Bank of Syracuse, Appellee–Plaintiff.**

No. 43A03–9104–CV–100.

Court of Appeals of Indiana, Third District.

Nov. 12, 1991.

---

R. Steven Hearn, James S. Butts, Rasor, Harris, Lemon & Reed, Warsaw, for appellants-defendants.

Stephen R. Snyder, Donald K. Broad, Beckman, Lawson, Sandler, Snyder & Federoff, Syracuse, for appellee-plaintiff.

HOFFMAN, Judge.

Appellants-defendants Owen and Saundra Cobbum appeal the trial court's grant of summary judgment to Ameritrust National Bank on its complaint to foreclose.

One issue is dispositive of this appeal: whether Ameritrust National Bank (Ameritrust) provided the requisite notice to Owen and Saundra Cobbum (Cobbums) before filing its complaint to foreclose.

In October 1977, the Cobbums executed a note, secured by a mortgage, with Ameritrust. The note provided for quarterly installments of principal and interest of $4,300.00 beginning January 15, 1978, then increasing to $4,800.00 on January 15, 1982.

The promissory note further provided as follows:

"If any monthly installment under this Note is not paid when due and *remains unpaid after a date specified by a notice* to Borrower, the entire principal amount outstanding and accrued interest thereon shall at once become due and payable at the option of the Note holder. *The date specified shall not be less than thirty days from the date such notice is mailed.* The Note holder may exercise this option to accelerate during any default by Borrower regardless of any prior forbearance.... [Emphasis added.]"

The mortgage, which secured this note, detailed the procedure to be followed upon default of quarterly payment:

"18. Lender prior to acceleration shall mail notice to Borrower as provided in paragraph 14 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding and sale of the Property.... If the breach is not cured on or before the date specified in the notice, Lender at Lender's option may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding...."

Ameritrust filed a complaint on promissory note and for foreclosure of real estate mortgage on February 8, 1990. The complaint alleged that the Cobbums had failed to make their January 15, 1990 quarterly installment. The Cobbums, in their answer, raised the affirmative defense of failure to provide proper notice of the default pursuant to the terms of the mortgage.

Ameritrust subsequently filed a motion for summary judgment. In support of this motion, Ameritrust's senior vice president filed an affidavit stating that the Cobbums had failed to make the January 15, 1990 payment and each quarterly payment thereafter. Mr. Cobbum filed an opposing affidavit stating that notice of default had not been provided under the terms of the mortgage. He further asserted that the loan had been renewed on August 18, 1989, and the quarterly payments had been made on September 6, 1989 and January 26, 1990. Therefore, Cobbum stated that as of January 26, 1990, the note was not in default. Subsequently, Ameritrust's attorney filed an affidavit averring that notice had been sent on December 27, 1989. The notice had been returned "unclaimed" on December 28 and then on January 3 and 13, 1990. The notice attached to the affidavit warned the Cobbums that the October 15, 1989 quarterly installment was delinquent and allowed 31 days from the date of the notice, December 27, to remedy the situation. A supplemental affidavit was filed by the senior vice president of Ameritrust explaining that the Cobbums' note had not been renewed and that the payments made by the Cobbums on September 6, 1989 and January 26, 1990 had been applied to the payments due in July 1989 and October

1989 respectively. However, no payment had been made for the payment due January 15, 1990. Thereafter, Mr. Cobbum filed a supplemental opposing affidavit stating that notice had never been provided for the default of the January 15, 1990 quarterly installment. The previous notice of December 27, 1989 was sent as a result of the default of the October 15, 1989 quarterly installment. Mr. Cobbum attached a computer printout from Ameritrust and also pointed to the supplemental affidavit of Ameritrust's senior vice president to show that the October 15, 1989 default had been cured on January 26, 1990, within the time period allowed for cure of default. The trial court granted Ameritrust's motion for summary judgment against the Cobbums.

■ It is well settled that a mortgage agreement is a contract. *Hoosier Plastics v. Westfield Sav. & Loan* (1982), Ind.App., 433 N.E.2d 24, 27. As such, the individual parties have a right to define their mutual rights and obligations. *Jennings Realty Corp. v. First Nat. Bank* (1985), Ind.App., 485 N.E.2d 149, 152. It is not within the province of this Court to make a new contract for the parties or to ignore or eliminate any provisions in the instrument. *Id.; First Fed. Sav. & Loan Ass'n v. Stone* (1984), Ind.App., 467 N.E.2d 1226, 1234. The mortgage notice provision in this case is clear and unambiguous.

This case was also proper for summary judgment. The issue of compliance with notice requirements is generally not a question of fact for the jury but is rather a procedural precedent to be determined prior to trial by the court. *Holland v. King* (1986), Ind.App., 500 N.E.2d 1229, 1238.

■ Ameritrust does not dispute that notice of default and acceleration of the loan was not provided to the Cobbums after the Cobbums' failure to pay the January 15, 1990 quarterly installment. Rather, Ameritrust argues that it did not need to provide notice since notice was provided for default on the October 15, 1989 quarterly installment. Ameritrust reasons that "[i]t would be ridiculous to require Ameritrust to send out a second notice of default when notice had already been given regarding the fact that the note and mortgage was [sic] in default."

However, this reasoning overlooks the fact that the Cobbums are given a chance to cure the default pursuant to the terms of the mortgage within 30 days, or 31 days as provided in the notice, which they did. Notice of the default was mailed on December 27, 1989, and payment was made on January 26, 1990. Therefore, cure of the default was made within the specified time period. Ameritrust could not sue on the note and mortgage without providing notice of the default of the January 15, 1990 payment. In fact, Ameritrust filed suit on February 8, 1990, which is not even 30 days after the due date for the January 15, 1990 quarterly installment, much less 30 days after notice of default could have been provided. Since default on payment of the October 15, 1989 installment was cured, the Cobbums were entitled to notice of any subsequent default as required by the clear terms of the note and mortgage. Therefore, the trial court erred in granting summary judgment to Ameritrust on its complaint on promissory note and for foreclosure. Summary judgment should be entered in favor of the Cobbums. Ind. Trial Rule 56(B).

Since the trial court's grant of summary judgment to Ameritrust is reversed, Ameritrust's petition for appellate attorney's fees is denied.

Reversed.

MILLER, J., concurs.

STATON, J., concurs in result with opinion.

STATON, Judge, concurring in result.

While I concur in the result reached by the majority, I write separately to clarify the function of the trial court when the question presented involves notice. The majority states, "The issue of compliance with notice requirements is generally not a question of fact for the jury but is rather a procedural precedent to be determined prior to trial by the court." At 971. This is a

correct statement of the law only when the notice requirements are provided by statute. *See Holland v. King* (1986), Ind.App., 500 N.E.2d 1229, 1238, *reh'g denied* (statutory notice of tax sale proceedings); *Board of Aviation Commissioners of St. Joseph County v. Hestor* (1985), Ind.App., 473 N.E.2d 151, 153 (Tort Claims Act notice); *City of Indianapolis v. Satz* (1978), 268 Ind. 581, 377 N.E.2d 623, 625 (Tort Claims Act notice). Moreover, even though statutory notice is a question of law, summary judgment may not be proper at a given stage of the proceedings if the trial court does not have sufficient facts before it to make the determination. *Hestor, supra.* In such a case, an evidentiary hearing may be required to supply additional facts. *Id.*

When the notice requirements are provided by the parties through contract, however, the trial court finds itself in a different posture. In a case involving the notice provisions of an insurance contract, our supreme court stated:

> Where the facts are not in dispute, or when they have been ascertained by the proper tribunal for that purpose, it becomes a question of law for the court to determine whether, under the facts and circumstances of a given case, the notice was reasonable. Where the facts tending to show an excuse for the delay are in dispute, or where it is a disputed question whether the delay was occasioned by certain facts, it is for the jury to ascertain the facts, and the cause and effect of the delay, and, under proper instructions from the court, as to the force and effect of the facts found, determine whether or not, under all the circumstances, reasonable notice of the loss was given. [Citations]
>
> This rule properly applied does not, in any event, leave it to the jury to determine what facts in law constitute a reasonable notice. This is the function of the court, to be discharged by properly instructing the jury as to the legal value of the facts, as they may be found from the evidence.

*Insurance Company of North America v. Brim* (1887), 111 Ind. 281, 286, 12 N.E. 315.

*Accord Andrews v. Minter Coal and Coke* (1929), 90 Ind.App. 320, 328, 168 N.E. 869 (insurance policy).

The purpose for this distinction between statutory and contractual notice is clear—the courts are to ascertain the intent of the legislature, while the trier of fact is to determine the intent of the parties to a contract. The notice provisions here spring from the mortgage, not from statute. Their interpretation is therefore normally a question for the trier of fact. However, as it appears that there is no serious dispute about any material fact, summary judgment is properly granted to the Cobbums.