## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 20 2017, 9:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Daniel J. Zlatic
Rubino, Ruman, Crosmer & Polen
Dyer, Indiana

ATTORNEY FOR APPELLEES

Sheri Bradtke McNeil
Kopka Pinkus Dolin PC
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jose Zavala and Antoinette Zavala,

*Appellants-Plaintiffs,*

v.

James Poling and the City of Crown Point, Indiana,

*Appellees-Defendants.*

December 20, 2017

Court of Appeals Case No.
45A03-1706-CT-1250

Appeal from the Lake Superior Court.
The Honorable Bruce D. Parent, Judge.
Trial Court Cause No.
45D04-1612-CT-236

**Shepard, Senior Judge**

[1] Jose Zavala and Antoinette Zavala appeal the trial court's grant of summary judgment to the City of Crown Point, Indiana, and James Poling. We affirm.

[2] On August 14, 2015, the Zavalas and Poling were involved in an auto accident in Crown Point, Indiana, while Poling was carrying out his duties as a Crown Point police officer. On August 27, 2015, Crown Point's insurer, HCC Public Risk Claim Service, Inc., sent the Zavalas a letter seeking information about the accident. The Zavalas hired Illinois attorney Peter Vrdolyak, who faxed HCC a notice of representation on September 1, 2015.

[3] Vrdolyak included in the fax a "Notice of Attorney's Lien." Appellant's App. Vol. II, p. 51. The Notice was titled, "NOTICE OF ATTORNEY'S LIEN Under the Law of 1909 as amended." *Id.* The document also contained a caption for the State of Illinois, Cook County, and named the Zavalas as plaintiffs and Poling, and the "Crown Point Police Department" as defendants. *Id.* The Notice further provided:

> PLEASE TAKE NOTE that Jose Zavala and Antoinette D. Zavala have placed in my hands as their attorney to represent them in suit or collection of claim, demand or cause of action against you growing out of personal injuries sustained as a result of an accident at South Court St. and Greenwood Ave [sic] in Crown Point, Indiana on August 14, 2015.

*Id.* The document further stated Vrdolyak and the Zavalas had reached an agreement that he would accept a percentage of any sums recovered, and Vrdolyak was claiming a lien for attorney fees. Finally, Vrdolyak asked for copies of any applicable insurance policies. As we discuss below, it is unclear whether Crown Point and Poling also received the Notice of Attorney's Lien.

[4] The Zavalas sued Crown Point and Poling on December 22, 2016, alleging they sustained injuries from the accident due to Poling's negligence. They further accused Crown Point of negligently hiring and training Poling. The defendants moved to dismiss, arguing the Zavalas did not comply with the notice requirements of the Indiana Tort Claims Act (ITCA). The motion was converted to a motion for summary judgment by agreement of the parties. The trial court granted the motion following a hearing. This appeal followed.

[5] The Zavalas claim the court should have denied summary judgment because they substantially complied with the ITCA. When reviewing the grant or denial of summary judgment, our test is similar to that of the trial court: summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Sedam v. 2JR Pizza Enters., LLC*, 84 N.E.3d 1174 (Ind. 2016); *see also* Ind. Trial Rule 56(C). When a motion for summary judgment raises questions of law, we review de novo. *Megenity v. Dunn*, 68 N.E.3d 1080 (Ind. 2017).

[6] The ITCA states that a claim against a political subdivision is barred unless notice is filed with "the governing body of that political subdivision . . . and . . . the Indiana political subdivision risk management commission . . . within one hundred eighty (180) days after the loss occurs." Ind. Code § 34-13-3-8 (1998). The notice:

> must describe in a short and plain statement the facts on which the claim is based. The statement must include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all

persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice.

Ind. Code § 34-13-3-10 (1998).

[7] Compliance with these provisions "is a procedural precedent which need not be pleaded but may be raised as a defense in a responsive pleading." *City of Indianapolis v. Satz*, 268 Ind. 561, 584, 377 N.E.2d 623, 625 (Ind. 1978). Compliance with the notice provisions is "not a proper element for consideration by the jury." 268 Ind. at 585, 377 N.E.2d at 625. Failure to comply with the ITCA subjects a claim to summary judgment. *Boushehry v. City of Indianapolis*, 931 N.E.2d 892 (Ind. Ct. App. 2010).

[8] The ITCA is strictly construed against limitations on a claimant's right to sue. *Schoettmer v. Wright*, 992 N.E.2d 702 (Ind. 2013). As a result, a notice of a claim against a political subdivision will be deemed sufficient if it substantially complies with statutory requirements. *Boushehry*, 931 N.E.2d 892. "What constitutes substantial compliance, while not a question of fact but one of law, is a fact-sensitive determination." *Collier v. Prater*, 544 N.E.2d 497, 499 (Ind. 1989). Summary judgment is rarely appropriate in negligence cases, but questions of law may be disposed of by summary judgment. *Cunningham v. Bakker Produce, Inc.*, 712 N.E.2d 1002 (Ind. Ct. App. 1999), *trans. denied*.

[9] Generally, a notice that is filed within the required time period, informs the municipality of the claimant's intent to make a claim, and contains information which reasonably affords the political subdivision with an opportunity to

promptly investigate the claim will satisfy the purpose of ITCA and will be held to substantially comply. *Boushehry*, 931 N.E.2d at 895.

[10] Here, the Zavalas' attorney faxed HHC a notice of representation by counsel and a "Notice of Attorney's Lien." Appellant's App. Vol. II, p. 51. The Indiana Supreme Court, by Justice Massa, has held that service of a purported notice of a claim upon an insurer does not substantially comply with the notice requirements of the ITCA. *Schoettmer*, 992 N.E.2d 702.

[11] The Zavalas further claim they timely sent a copy of the Notice of Attorney's Lien directly to Crown Point, citing as evidence an affidavit by an employee of Vrdolyak's law office. He signed the affidavit over a year and a half after the fact. The employee stated, "I sent a 'Notice of Attorney's Lien' to the City of Crown Point." Appellant's App. Vol. II, p. 28. The employee attached to his affidavit a copy of the Notice, which states it was served by fax on "the above party." *Id.* at 32. The affidavit and Notice do not include the fax cover sheet, which would have shown the recipient of the fax.

[12] Setting aside the fact that there were no "parties" in the weeks following the accident, the Zavalas' method of service did not substantially comply with Section 34-13-3-8. That statute requires a notice of tort claim to be served upon the "governing body" of the political subdivision and the Indiana political subdivision risk management commission. *Id.* The Notice, by its plain language, was supposedly served on the police department rather than the

mayor's office or other executive official and was not served on the Indiana political subdivision risk management commission.

[13] Next, there is substantial evidence countering the assertion that the Zavalas' attorney sent a copy to Crown Point. Crown Point's City Attorney, to whom all legal notices are routed, stated he never received the Notice. He further stated he consulted with the Crown Point Police Department and the mayor's office, and neither of them had received the Notice or any other correspondence from Vrdolyak Law Group. The city's director of information technology likewise stated the police department and mayor's office did not receive a fax from Vrdolyak Law Group on September 1, 2015. The city attorney further stated the city did not receive any documents from the Zavalas or their lawyer about the accident until the Zavalas filed their complaint for damages.

[14] Even if we were to take as true the Zavalas' assertion that they served the Notice of Attorney's Lien on Crown Point, that document falls well short of meeting the requirements for a tort claim notice as set forth in Section 34-13-3-10. The caption of the Notice is confusing, as it appears to refer to an Illinois proceeding. In addition, the document contains only a minimal reference to the date and location of the accident, failing to explain what happened or why the Zavalas thought the City and Poling were at fault. The Notice does not purport to list the names of all persons involved, does not describe the extent of the property damage or injuries, does not provide the amount of damages sought, and fails to provide the Zavalas' address. Whether a claimant has substantially complied with the notice requirements of the ITCA is a question of law, not

fact, and in this case the Notice is insufficient to constitute substantial compliance. *See Hasty v. Floyd Mem'l Hosp.*, 612 N.E.2d 119 (Ind. Ct. App. 1992) (attorney's letter was not sent to governing unit, but even if it had been sent to the correct recipient, the letter lacked sufficient information to sufficiently comply with notice requirements); *cf. Collier*, 544 N.E.2d 497 (attorney's letter substantially complied with notice requirements; listed claimant's name and address, persons involved in arrest, types of damages at issue, and indicated amount of damages could not be ascertained at that time but would be determined in the future).

[15] Considering the extensive record showing that Crown Point did not receive the Notice of Attorney's Lien and the substantial inadequacies of the Notice, the trial court reasonably determined as a matter of law that the Zavalas failed to establish substantial compliance with the ITCA.

[16] The Zavalas' lawyer argues in the alternative that Crown Point and Poling are estopped from claiming they failed to comply with the ITCA, stating that Crown Point's insurer failed to explain the ITCA's notice requirements. Crown Point and Poling correctly note the Zavalas did not argue estoppel to the trial court. Issues not raised before the trial court on summary judgment cannot be argued for the first time on appeal and are procedurally defaulted. *Dunaway v. Allstate Ins. Co.*, 813 N.E.2d 376 (Ind. Ct. App. 2004).

[17] In addition, a governmental authority will not be estopped in the absence of clear evidence that its agents made representations upon which the party

asserting estoppel relied. *Story Bed & Breakfast, LLP v. Brown Cty. Area Plan Comm'n*, 819 N.E.2d 55 (Ind. 2004). Crown Point's insurance adjuster did not instruct the Zavalas or make any other representations that might have caused a reasonable person to choose not to pursue all avenues of recourse. To the contrary, the adjuster merely sent the Zavalas a request for information and acknowledged receipt of their attorney's letter of representation.

[18] For the reasons stated above, we affirm the judgment of the trial court.

[19] Affirmed.

Riley, J., and Robb, J., concur.