WILLIAM GRIFFIN, AUDITOR OF WARRICK COUNTY, INDIANA, VIRGINIA STRAHLE, TREASURER OF WARRICK COUNTY, INDIANA, RONALD MADDEN AND CHARLES C. CRAIG, CITY OF BOONVILLE, INDIANA v. BOONVILLE SAVINGS ASSOCIATION.

[No. 1-274A20. Filed April 7, 1975.]

*Scales and Long,* of Boonville, for appellants Madden and Craig, *Donald G. Hendrickson,* of Boonville, for appellant City of Boonville, *Charles L. Martin,* of Boonville, for appellants Griffin and Strahle.

*Jerry P. Baugh, Lacy, Terrell, Annakin, Heldt & Baugh,* of Evansville, for appellee.

LYBROOK, J.—Defendants-appellants Griffin, *et al.* appeal from a judgment in favor of plaintiff-appellee Boonville Savings Association, which permanently restrained and enjoined Griffin (Auditor of Warrick County) from executing a tax deed to appellants Madden and Craig. The following issues are presented for review:

1. Whether the trial court erred in overruling defendants' Tr. 12(B)(6) motion to dismiss.
2. Whether the trial court erred in overruling defendants' motion to dismiss for failure to prosecute.
3. Whether the trial court, upon determination that the original assessment was valid, can allow the payment of the redemption price by the owner to the tax sale purchaser if no tax deed has been issued, even though more than two (2) years have elapsed since the tax sale.
4. Whether a party may initially raise on appeal the validity of the calculation of the amount of the redemption price allowed by the trial court and tendered by the redeeming party.

The record reveals that a parcel of land owned by plaintiff was, pursuant to and in compliance with applicable statutory guide lines, duly assessed a pro rata share of the cost for con-

struction of certain sewers by the city of Boonville. Upon plaintiff's failure to pay said assessment, the land was on August 9, 1965, sold at a tax sale by the Treasurer of Warrick County to appellants Ronald Madden and Charles Craig. The tax sale was regular in all respects and complied with statutory requirements for the sale of real estate for delinquent taxes.

Thereafter, on June 14, 1967, plaintiff was notified that the land had been sold for delinquent taxes, and was further informed of the intention of the Auditor of Warrick County to issue a tax deed to the purchasers on August 9, 1967. Thereupon, plaintiff initiated this action by filing on August 4, 1967, a complaint seeking *inter alia* to enjoin the Auditor of Warrick County from executing a tax deed to Madden and Craig. At the conclusion of trial, on April 19, 1973, plaintiff filed its offer of redemption and tendered payment. Thereafter, on August 20, 1973, judgment was entered for plaintiff permanently restraining and enjoining the Auditor of Warrick County from executing a tax deed or other instrument which might purport to convey interest or title in the subject realty to Madden and Craig or any persons holding by or through them. The judgment also granted plaintiff thirty (30) days in which to fully redeem the real estate.

## I.

On March 2, 1970, defendants, pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(6), filed a motion to dismiss alleging that plaintiff's complaint failed to state a claim upon which relief could be granted. Defendants now argue that it was error to overrule that motion for the reason that no tender of funds for the redemption of the real estate was made by plaintiff when the complaint was filed. Thus, the specific question presented is whether plaintiff was required to tender the redemption price as a condition precedent to challenging the legality of the original assessment and subsequent tax sale.

The case law pertinent to this question, as summarized in 27 I.L.E., Taxation § 206 indicates that, as a general rule,

where a taxpayer seeks the aid of an injunction against the enforcement or collection of an alleged illegal tax or a tax founded upon an alleged illegal assessment, he must, as a condition precedent, pay or tender that portion legally and properly assessed and due. However, such payment or tender is not necessary in cases where the entire assessment is attacked as being sold. *Wilt* v. *Bueter* (1916), 186 Ind. 98, 111 N.E. 926.

Inasmuch as plaintiff's complaint challenged the legality of the entire assessment, it was not necessary that payment be tendered as a condition precedent. Nor was it necessary that plaintiff specifically plead that payment was tendered in order to avoid dismissal via defendants' TR. 12(B)(6) motion. Accordingly, we find no error under this issue.

## II.

On October 10, 1972, more than five years after the filing of plaintiff's complaint, defendants, pursuant to TR. 41(E), filed a motion to dismiss for failure to prosecute. As required by that rule, the trial judge set a hearing on defendants' motion. On the day of the hearing, October 24, 1972, the hearing was dismissed by agreement and trial set for January 25, 1973.

Since defendants agreed to the dismissal of the hearing on their motion to dismiss for failure to prosecute and subsequently proceeded to trial without objection, they must be deemed to have waived their opportunity to assert error, if any, in the overruling of their motion.

## III.

Thirdly, defendants contend that since more than two years had passed since the tax sale, it was reversible error to permit plaintiff to redeem. They argue that by operation of applicable statutes, unless the property had been redeemed by plaintiff before August 9, 1967, defendants Madden and Craig were entitled to a tax deed, and the failure of the trial court to so find is error. We cannot agree.

IC 1971, 6-1-57-1 (Burns Code Ed.) provides that the owner of real property sold pursuant to IC 1971, 6-1-56-1 *et seq.* (Burns Code Ed.) may redeem at any time before a deed is issued therefor. Thus plaintiff was entitled to redeem at any time before the tax deed was issued to defendants Madden and Craig. Since a tax deed was not issued to Madden and Craig prior to plaintiff's redemption, we find no error under this issue. Additionally, we find defendants' argument concerning the impact of *Keely* v. *Sanders* (1879), 99 U.S. 441, 25 L.Ed. 327, on the fact situation here to be unpersuasive. The action of the trial court did not extend the time for redemption beyond the statutory limits in violation of the rule of *Keely* which disfavors such results.

### IV.

Finally, defendants assert that the amount of money due them for redemption of plaintiff's real estate was incorrectly determined by the trial court. We note however, that this issue is raised for the first time on appeal. Defendants, not having objected at trial, are now precluded from attacking the trial court's determination of the amount due for redemption.

Appellants having failed to demonstrate reversible error, the judgment is affirmed.

Affirmed.

Robertson, C.J. and Lowdermilk, J., concur.