Ardella GREEN, Plaintiff-Appellant,

v.

UNIVERSAL TOOL & STAMPING CO., INC., and Universal Employees Union, Defendants-Appellees.

No. 3-684A178.

Court of Appeals of Indiana, Third District.

April 9, 1985.

David L. King, King & King, Kendall-ville, for plaintiff-appellant.

Steven R. Schafer, Bonahoom, Chapman, McNellis & Michaels, Fort Wayne, for defendant-appellee Universal Tool & Stamping Co., Inc.

Kevin P. Wallace, Auburn, for defendant-appellee Universal Employees Union.

HOFFMAN, Judge.

Appellant Ardella Green filed an action against her employer, appellee Universal Tool & Stamping Co., Inc. (Employer herein), for wrongful discharge and against the union which she is a member of, appellee Universal Employees Union (Union herein), for improper representation. After discovery had taken place, Employer and Union both filed separate motions for summary judgment. The trial court granted their motions and Green appeals.

The facts relevant to this appeal are as follows. Green began working for Employer on September 5, 1969. On March 27, 1981, Green was terminated because of excessive absenteeism and because she had not returned to work after her physician had told her she could. The termination was pursuant to the terms of the Collective Bargaining Agreement existing between Employer and Union. Union then filed a grievance on Green's behalf which ultimately resulted in a meeting between Green, Employer, and Union on April 7, 1981. The parties subsequently entered into a Conditional Reinstatement of Employment Agreement which was signed by all parties and stated the following:

"CONDITIONS THAT APPLY TO RE-LENTION [SIC] OF EMPLOYMENT OF ARDELLA GREEN AS AGREED 4/7/81.

We will allow the appeal in regards to retaining Ardella Green as an employee based on the following conditions:

1. We re-instate her as of 4/7/81 with no reimbursement of back pay.

2. The first time she misses work without proper notification to the company she will be automatically discharged.

3. Anytime she misses work more than five (5) days in any one month period she will be automatically discharged."

Green resumed her employment with Employer until May 5, 1981, when she complained of a pulled muscle. She was seen by a doctor who issued her a doctor's slip saying that she would be off work until May 13, 1981. Green also contacted a second doctor who also issued a doctor's slip, this one stating that she would be off work until June 1, 1981. On May 12, 1981, Employer contacted the first doctor; he stated that Green could return for light work. Green was informed of this by Employer and she responded that she would be in. Then on May 15, 1981, Employer contacted the second doctor who agreed that Green could do light work. Green failed to report in for work. Finally, on May 17, 1981, Green was discharged for violating the reinstatement agreement's terms. Green admitted that she had violated those terms. After the May 17 termination, Union would not file a grievance on her behalf as it was Union's position that once she had signed the reinstatement agreement, the Union's hands were tied and she was bound by the new agreement.

The issues raised by this appeal are as follows:

(1) whether a conditional reinstatement agreement, entered into by an employee who was properly terminated and is then conditionally re-employed upon entering the reinstatement agreement, is valid and binding; and

(2) whether the trial court erred in granting the motions for summary judgment.

■ Green contends that the reinstatement agreement is void because it lacks a valid consideration, is unconscionable, was entered into under duress, and is contrary to public policy. However, Employer did give consideration for the agreement. Af-ter Green had been properly discharged pursuant to a Collective Bargaining Agreement, Employer was under no duty or obligation to re-employ or give a second chance, yet Green did receive just that, re-employment and a second chance. Nor is Green correct that the agreement is unconscionable. She argues that in order to "keep" her job she was required to sign the agreement, thus contending that she had no reasonable choice. The facts reveal, however, that Green had no job to keep. She was not in jeopardy of losing her job—it was gone. Now she was merely being asked to sign an agreement covering her second-chance employment. Green's assertion that the agreement was signed under duress is also incorrect. She has not demonstrated, nor can this Court see how an unemployed individual can be coerced into receiving employment. Finally, this Court sees no merit in the public policy arguments which Green raises. In fact, public policy would favor these second-chance agreements. Instead of increasing the number of unemployed, it is preferred that employers give a troublesome employee a second chance to correct her ways. In this case, instead of sending an employee with absentee problems out onto the streets, Employer gave Green the opportunity to correct her problems. It should be noted that Green's arguments are not supported by any authority, nor can this Court find any which attacks the propriety of such second-chance agreements.

■ Thus, as a matter of law in Indiana, where an employee is properly discharged, then is given a second chance pursuant to a strict conditional reinstatement agreement, that agreement is valid and binding.[1]

■ The second issue raised by this appeal is whether the trial court erred when it granted the appellees' motions for summary judgment. Our standard of review in such cases is that this Court must determine whether there is any genuine issue of

1. In *McKee v. Youngstown Steel Door Co.* (1980), 4 Ohio App.3d 32, 446 N.E.2d 170, the Ohio Court of Appeals impliedly upheld the validity of a second-chance agreement. In *McKee,* the Court found that the underlying discharge was justified, that McKee had entered the second-chance agreement and had subsequently violated a provision thereof.

material fact and whether the law was correctly applied. *United Food & Com. Workers v. Co. Line Cheese* (1984), Ind. App., 469 N.E.2d 470.

■ There are three elements which must be proved in order for the conditional reinstatement. agreement to be valid and binding:

1) The underlying discharge was proper;
2) The employee entered the reinstatement agreement; and
3) The employee violated a provision of the agreement.

As required by the standard of review, this Court must view only that evidence favorable to the non-moving party and must resolve all reasonable doubts and inferences in her favor.

■ The record reveals no evidence that Green was improperly discharged on March 27, 1981, that she did not enter the reinstatement agreement, nor that she did not violate a provision of the agreement. In fact, all of the evidence is to the contrary. There being no genuine issue of material fact, summary judgment was proper.

■ Having determined that the reinstatement agreement which Green entered is valid and binding on all parties, there is no duty upon Union to file a grievance after her subsequent termination for violating the agreement. As the Union had no duty, there can be no breach.

The trial court is affirmed.

Affirmed.

STATON, P.J., concurs.

GARRARD, J., concurs in result.