Floyd CLARK, Appellant
(Plaintiff Below),

v.

James C. JONES and Richard L. Powell, Appellees (Defendants Below).

No. 27A02–8705–CV–185.

Court of Appeals of Indiana, Third District.

Feb. 15, 1988.

Rehearing Denied March 28, 1988.

---

Arden W. Zobrosky, Marion, for appellant.

Albert C. Harker, Polly A. Stephenson, Kiley, Osborn, Kiley, Harker, Rogers, Michael & Certain, Marion, for appellees.

HOFFMAN, Judge.

Plaintiff-appellant Floyd Clark appeals the trial court's decision granting summary judgment in favor of defendants-appellees James Jones and Richard Powell. Clark brought the instant proceedings to quiet title in land he purchased at a tax sale.

The trial court determined that the former owners, Jones and Powell, had not received proper notice.

The facts relevant to this appeal disclose that Jones and Powell purchased 1.68 acres of land from Home Towne Panel & Building Supply, Inc., in 1978. Jones and Powell owned a construction company with a business office address of 703 East 33rd Street, Marion, Indiana. Frances Jones the bookkeeper for Jones and Powell Construction testified at the hearing on summary judgment that she did not know who filed the deed with the county auditor or who recorded the deed. Jones and Powell began receiving tax statements at their office in Marion. However, the statements were addressed to 321 West Main Street, Gas City, Indiana. Jones testified that although the statements she received came through the mail, she had no idea how they were forwarded to the Marion address. Jones testified that she did not receive the tax sale notice or the tax deed notice on the property in question.

At the hearing, the deputy auditor testified that the auditor's records reflect an address of 321 West Main Street, Gas City for the property in question and an address of 323 West Main, Gas City for adjacent property owned by Jones and Powell. A copy of the auditor's records placed into evidence disclosed an address of 321 West Main Street, Gas City for the property in question. Further, the deputy auditor testified that returned tax statements would go to the treasurer's office and not to the auditor. Notice of the tax sale was published in the paper. The notice of the tax sale and the notice of the tax deed were sent to 321 West Main, Gas City. The notices were returned.

On September 30, 1985 Clark received a tax title deed to the property. On December 18, 1985 Clark filed a complaint to quiet title. Powell and Jones filed an answer and counterclaim in March 1986. In October 1986 Jones and Powell moved for summary judgment alleging that their lack of notice of the sale and issuance of the deed operated to defeat Clark's deed. After a hearing on November 12, 1986 the trial court granted Jones' and Powell's motion for summary judgment. Clark brings this appeal.

Clark raises two questions for review. As restated and consolidated the issues are:

(1) whether the trial court erred in granting Jones and Powell a summary judgment when the auditor's office complied with the directives of IND.CODE § 6–1.1–24–4 (1982) and IND.CODE § 6–1.1–25–6 (1982) regarding notices sent; and

(2) whether the trial court erred in determining that because Jones and Powell "did not receive the necessary notice of impending tax sale or issuance of a tax deed sufficient to comply with due process requirements under ... I.C. 6–1.1–24–1, *et seq.*, ... therefore, the tax sale is void and the ... tax deed should be set aside."

Because Clark's issues are similar, they will be discussed together.

When reviewing the grant of summary judgment the Court of Appeals applies the same standard as applied by the trial court and affirms only if the moving party is entitled to a judgment as a matter of law. *M & K Corp. v. Farmers State Bank* (1986), Ind.App., 496 N.E.2d 111, 112. This Court must view the evidence most favorable to the non-moving party and must resolve all reasonable doubts and inferences in that party's favor. *Green v. Universal Tool & Stamping Co., Inc.* (1985), Ind. App., 476 N.E.2d 511, 514.

Clark directs this Court's attention to the recent decision of *Holland v. King* (1986), Ind.App., 500 N.E.2d 1229. Jones and Powell contend that the case of *Fields v. Evans* (1985), Ind.App., 480 N.E.2d 575, *rehrg. denied* 484 N.E.2d 36 supports their position. Neither case is factually on point with the present action. However, each case discusses legal questions presented under the statutory framework at issue here, and each is relevant.

In *Holland, supra,* this Court determined that the statutory notice requirements of IND.CODE § 6–1.1–24–4 providing for notice of a tax sale and IND.CODE

§ 6–1.1–25–6 providing for notice before issuance of a tax deed, mandated that the county auditor send notice to the former owner's "last known address." Necessarily, the legislature placed a duty upon the property owner to inform the auditor of his current address. *Holland, supra,* 500 N.E.2d at 1233. Additionally, in *Holland,* the former owner argued that once the tax sale notice had been returned as undeliverable to the address on the auditor's records, the tax deed notice sent to the same address was not reasonably calculated to inform him of the issuance of the deed. This Court rejected the owner's contention that the auditor had a duty to employ reasonable business methods to locate another address. *Holland, supra,* 500 N.E.2d 1237.

In *Fields, supra,* this Court determined notice to the former owner required by IND.CODE § 6–1.1–25–6 refers to the owners at the time that notice of an impending tax deed is sent, even if that is a different owner than the owner at the time the tax sale notice was sent. *Fields, supra,* 480 N.E.2d at 577–579, Sullivan, J., dissenting. Consequently, the auditor is required to send notices to the last known address as reflected in the transfer book. *Fields, supra,* 480 N.E.2d at 578.

Applying the *Holland* and *Fields* decisions to the present case, it is apparent that the auditor complied with the statutory notice requirements of IND.CODE § 6–1.1–24–4 and IND.CODE § 6–1.1–25–6. The transfer book recited an address of 321 West Main Street, Gas City for Jones and Powell at the time that both the tax sale notice and the tax deed notice were sent. The auditor sent certified notices to the address. Even if the auditor knew that mail was being returned from that address, the notice statutes and constitutional due process requirements do not impose upon the auditor a duty to search for an alternative address. *See Holland, supra,* 510 N.E.2d at 1237. Instead, the burden was upon Jones and Powell to provide a correct address.

Although Jones and Powell claimed to have no knowledge of the means by which tax statements sent to 321 West Main, Gas City arrived at their proper address in Marion, as a practical matter Jones and Powell had many opportunities to correct the auditor's misinformation. Also, Jones and Powell contend that they do not know who recorded the deed to the 1.68 acres so they should not be held responsible for the misinformation regarding the address. The deed would have been recorded for the benefit and protection of Jones and Powell; accordingly, an inference may arise that Jones and Powell or their agents caused the deed to be recorded, and the improper address to be given.

The constitutional infirmities which Jones and Powell allege in the statutory scheme which allows the auditor to send notice to the address listed on the transfer book records without a determination that the address is proper were answered in *Holland, supra.* Because the onus is upon the property owners to insure that the auditor's records reflect the correct address, the statutory scheme is reasonably calculated to provide notice of the tax sale and the tax deed to the owners. *Holland, supra.*

In the present case the auditor proceeded in accordance with the statutory requirements for notice. The tax sale and the tax deed were proper. Therefore, the trial court's decision granting Jones and Powell summary judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

RATLIFF, C.J., and BUCHANAN, J., concur.