**Barry F. SMITH, Appellant–Plaintiff,**

v.

**William BREEDING, Paul B. Ayers, Jr., Cathy A. Ayers, Patricia Smith and Donald W. Childers, as Auditor of Crawford County, Appellees–Defendants.**

No. 31A01–9107–CV–203.

Court of Appeals of Indiana,
First District.

Feb. 24, 1992.

---

Janet K. Martin, Wyatt, Tarrant, Combs & Orbison, New Albany, for appellant-plaintiff.

Marcus M. Burgher, Corydon, for appellees-defendants.

BAKER, Judge.

Plaintiff-appellant Barry Franklin Smith (Smith) appeals from the trial court's interlocutory order denying his motion for summary judgment. Smith brought this action against defendant-appellees William E. Breeding, Paul B. Ayers, Jr., Cathy A. Ayers, Patricia Smith, and Donald W. Childers, Auditor of Crawford County (the auditor), to void a tax deed and to quiet title to real estate located in Crawford County. Smith raises several issues for our review, which we restate as:

I.  Whether the tax title deed issued to Harold Fancher was valid.

II.  Whether it was proper to issue a tax title deed to Harold Fancher when Harold surrendered a tax sale certificate which contained a scrivener's error.

III.  Whether the auditor's attempt to notify Smith that his right of redemption had nearly expired was timely made.

We affirm the denial of summary judgment for Smith, and order the entry of summary judgment for the defendants.

## FACTS

The record reveals that on September 17, 1975, Smith and his wife, Patricia, entered into a land contract with Cledis and Faye Sturgeon to purchase by warranty deed approximately 58 acres of land located in Crawford County, Indiana.[1] Pursuant to the contract, Smith was responsible for paying the property taxes. Until 1981, he received tax statements for the 58 acres addressed to his home on North Pennsylvania Street in Indianapolis. In the fall of 1981, however, he moved to Ryan Drive, also in Indianapolis, where he remained until the fall of 1982. The tax statement for 1981 was delivered in 1982 to his Ryan Drive address, but it is unknown what address was on the envelope.

In the fall of 1982, Smith moved from Ryan Drive to another Indianapolis address. The tax statement for 1982 was addressed to his Ryan Drive address and was forwarded to Smith's new address. The auditor testified at his deposition that he believed he obtained the Ryan Drive address through the Crawford County Treasurer's office. On May 31, 1983, Smith recorded the warranty deed for the 58 acres with the Crawford County Auditor's office. At that time, however, the auditor did not record in the transfer book Smith's new address or any other address. Although the auditor continued to have only Smith's Ryan Drive address, the 1983 tax statement was delivered in 1984 to Smith's new address, and Smith paid the taxes. After 1984, however, no tax statements for the 58 acres were delivered to Smith.

After paying the property taxes since the middle 1970s, Smith did not pay the 1984 and 1985 property taxes, due in 1985 and 1986 respectively. Because of the delinquent taxes, the property became eligible to be sold at public auction. IND.CODE 6-1.1-24-1. The record reveals that on Sep-

tember 14, 1987, the Auditor of Crawford County sent a notice of the tax sale to Smith by certified mail. The notice was addressed to his old Ryan Drive address. The notice was not delivered to Smith, and was returned to the auditor's office on October 1, 1987, marked "addressee unknown." The auditor did not search sources outside of his office to identify a current address.

Harold Fancher (Fancher) bought the land at a public auction on November 2, 1987, and a tax sale certificate was issued to Fancher on the same day. On October 5, 1989, the auditor sent notice to Smith by certified mail informing him that the two-year period of redemption had nearly expired. Again, the auditor sent the notice to the Ryan Drive address, and again the notice was returned marked "addressee unknown." Smith did not redeem his property within two years after the certificate of tax sale was issued to Fancher or before Fancher obtained the tax title deed on November 10, 1989.

On January 11, 1990, Fancher released the land to William E. Breeding by quitclaim deed. On August 6, 1990, Breeding entered into a real estate contract for the sale of the land with Paul B. Ayers, Jr., and Cathy A. Ayers. Smith brought this action to void the tax title deed originally acquired by Fancher and to quiet title to the land. After the trial court denied Smith's motion for summary judgment, Smith petitioned for certification of interlocutory appeal. Thereafter, the trial court certified the appeal, and this court granted the petition for leave to appeal the interlocutory order.

## DISCUSSION AND DECISION

### STANDARD OF REVIEW

When reviewing the denial of a motion for summary judgment, this court must apply the same standard as that applied by the trial court. *Whiteco Industries, Inc. v. Nickolick* (1991), Ind.App., 571 N.E.2d 1337, 1339, *trans. denied.* Spe-

---

1. A dissolution of marriage decree was entered for Barry and Patricia. Because Patricia now disclaims any interest in the real estate, we refer singularly to Barry Smith.

cifically, we must accept as true all the facts as advanced by the party opposing summary judgment. *Id.* Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law. Ind. Trial Rule 56(C). In determining the propriety of the summary judgment motion, this court must consider the pleadings, affidavits, discovery responses, and depositions in a light most favorable to the non-moving party. *Whiteco Industries, Inc., supra.* When the facts are undisputed, the moving party must still show he is entitled to relief as a matter of law. *Carver v. Crawford* (1990), Ind.App., 564 N.E.2d 330, 332. The facts in this case are undisputed. Therefore, in our review of the trial court's decision to deny Smith's motion for summary judgment, we must determine whether the trial court correctly applied the law to the facts. *See id.* We find that it did.

I

First, Smith argues that the tax title deed Fancher obtained for the 58 acres was void as a matter of law because the Crawford County auditor failed to enter Smith's address in the transfer book when Smith's deed was transferred on May 31,. 1983. He also complains that the auditor did not search sources outside of his office to identify a current address. Pursuant to IND. CODE 6–1.1–5–4(a), "the county auditor shall keep a transfer book ... [and] [i]n the transfer book he shall enter ... the post office address of the grantee." Furthermore, "[t]he deed or instrument must include on its face the post office address of the grantee." IND.CODE 6–1.1–5–4(b).

The auditor testified at his deposition that only since his administration, which began in 1988, has the Crawford County Auditor's Office made it a practice to enter the grantee's address in the transfer book. When Smith recorded his deed on May 31, 1983, a grantee's address was entered in the transfer book only if the land was bought on contract. Once the grantee's name only was recorded, the auditor stamped the deed "duly entered for taxation" pursuant to IND.CODE 6–1.1–5–4(b),

and the owner took the deed to the recorder's office. *Record* at 100. It is undisputed, therefore, that in this case the auditor did not comply with the statute. The auditor made no attempt in 1983 to enter Smith's address in the transfer book or on the deed when Smith presented the deed for transfer at the Crawford County Auditor's Office.

■ Regarding the consequences of an auditor's failure to record the grantee's address in the transfer book, the Seventh Circuit has held that the statutory violation is fatal to a subsequent tax sale, and renders the tax sale deed void as a matter of law. *Long v. Anderson* (7th Cir.1976), 536 F.2d 739. In that diversity case, the Longs recorded in the auditor's office the deed to a vacant lot in Monroe County, Indiana, in 1968. Although they had once been Indiana residents, the Longs no longer lived in Indiana and they did not furnish the auditor with their out-of-state mailing address. Because the auditor did not record the Long's address in the transfer book, tax statements were not delivered to them, and they did not pay the taxes. Neither did the Longs receive the certified notices of the subsequent tax sale or of their redemption rights that were mailed to the vacant lot. The Seventh Circuit noted that there were a number of sources from which the auditor could have obtained the Long's address. The land was sold at a tax sale, but the appellate court held the tax sale deed void as a matter of law because of the auditor's failure to comply with the statute. *Id.*

The Seventh Circuit's decision in *Long* appears to be consistent with a long line of Indiana cases in which failure to comply substantially with statutes governing tax sales and the steps leading up to them rendered void subsequent tax deeds that deprived owners of their property. *See, e.g., Gradison v. Logan* (1963), 135 Ind. App. 185, 190 N.E.2d 29, *trans. denied* (failure of county treasurer to demand unpaid taxes rendered tax deed void *ab initio* ); *Creighton v. Schafer* (1947), 117 Ind. App. 518, 72 N.E.2d 360, *trans. denied* (en

banc) (tax deed invalid when county auditor failed to post delinquent tax list at door of court house as required by statute); *Taylor v. Phelan* (1946), 117 Ind.App. 40, 69 N.E.2d 145 (tax sale invalid when sale not held at place provided by law).

Indiana courts have also held that a property owner may defeat a tax title deed if the owner is not given proper notice of the sale and right of redemption. *See, e.g., Peterson v. Warner* (1985), Ind.App., 478 N.E.2d 692 (notice containing substantially misleading information about tax sale rendered tax deed invalid). Compliance with the notice provisions of the statutes is necessary to ensure that due process requirements under the U.S. Constitution are satisfied. The United States Supreme Court has held that a state must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action" prior to taking steps which will affect a protected interest in life, liberty, or property. *Mennonite Board of Missions v. Adams* (1983), 462 U.S. 791, 795, 103 S.Ct. 2706, 2709, 77 L.Ed.2d 180, 185 (citing *Mullane v. Central Hanover Bank & Trust Co.* (1950) 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873). Notice is constitutionally adequate when "the practicalities and peculiarities of the case ... are reasonably met." *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314–15, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873.

In *Elizondo v. Read* (1990), Ind.App., 553 N.E.2d 849, *trans. pending*, this court held that due process was not satisfied when by certified mail the auditor sent notice of the tax sale to the owners' last known address when the current address was available in the auditor's own records or in the local telephone book available in the auditor's office. *Id.* at 850–51. The incorrectly addressed tax statements were never forwarded to the Elizondo's current address. *Id.* In *Holland v. King* (1986), Ind.App., 500 N.E.2d 1229, however, this court did not recognize the duty to search for a current address because the owner failed to notify the treasurer and auditor of his new address after moving from New Jersey to Illinois. *Id.* at 1234–35. Similarly, in *Clark v. Jones* (1988), Ind.App., 519 N.E.2d 158, this court held that the auditor had no duty to employ reasonable business methods to identify the owners' proper address when the address was incorrectly recorded in the transfer book. Because some tax statements were forwarded to the proper address even though they were addressed incorrectly, the owners had an opportunity to correct the auditor's misinformation. *Id.* at 160.

Here, it is undisputed that the auditor failed to record Smith's address in the transfer book, but the auditor attempted to mail to Smith via certified mail the proper notices regarding the tax sale[2] and his right of redemption.[3] We must decide then whether the failure to record Smith's address in the transfer book was fatal as a matter of law to the tax deed, and, if not, whether the notice given by the auditor was constitutionally adequate. We find the omission was not fatal and the notice was constitutionally adequate.

In the fall of 1982, Smith moved from Ryan Drive to his present Indianapolis address. During the following two years, he received tax statements at his new address that were improperly addressed to his old address. Smith paid those taxes, as he had done since the middle 1970s. Because the 1982 and 1983 taxes were properly paid in 1983 and 1984, the auditor was reasonably led to believe that the Ryan Drive address

---

**2.** IND.CODE 6–1.1–24–4 provides, in relevant part:

    (a) In addition to the notice required by section 3 of this chapter [Posting and Publishing Notice of Auction Sale], the county auditor shall send a notice of the sale by certified mail to the owner or owners of the real property at their last known address.... The county auditor shall mail the notice at least twenty-one (21) days before the day of sale.

**3.** At the time of the events in question, the auditor was to send notice of the right of redemption to the former owner under IND.CODE 6–1.1–25–6(a). That section is now repealed, and the current section governing notice of the sale and period of redemption is found at IND.CODE 6–1.1–25–4.5.

was Smith's current address during those years, even though no address had been recorded in the transfer book on May 31, 1983. Smith never informed the auditor that his address had changed, and when the tax statements stopped being forwarded after 1984, Smith did nothing.

This case is distinguishable from *Long, supra.* In that case the owners never had actual notice that the auditor had the wrong mailing address. Furthermore, the Longs did not expect to receive tax statements because it was their understanding that the prior owner was going to pay the taxes. *Id.* at 741 n. 7. Here, for two years Smith received tax statements that were addressed to his old address and forwarded to his new address. He never corrected the auditor's incorrect information. As well, Smith had paid the taxes since the middle 1970s, and the record reveals no reason for him to believe that the taxes were being paid by someone else after 1984.

Having failed to correct the auditor's records when he knew they reflected the wrong address, we will not now hear Smith complain about the auditor's failure to record Smith's address in the transfer book. As we stated in *Clark*, "the onus is upon the property owners to insure that the auditor's records reflect the correct address...." *Clark, supra,* at 160. Just as the owners in *Clark* had the opportunity to correct the auditor's incorrect information, Smith had the same opportunity. Even if the auditor's omission started "the chain of events that led to the tax sale[,]" *Long, supra,* at 742, Smith could have stopped the chain of events. He did not. Accordingly, the auditor's failure to record Smith's address in the transfer book did not render the subsequent tax deed void as a matter of law.

■ Similarly, we hold that when the tax sale notices were returned undelivered, the Crawford County Auditor did not have the duty to search for Smith's current address in sources outside of the auditor's office. IND.CODE 6-1.1-24-4 required the auditor to mail by certified mail notice of the tax sale to Smith's last known address. It was reasonable for the auditor to use the Ryan Drive address as Smith's last known address even though no address was recorded in the transfer book in 1983. Tax statements addressed to that address were duly paid by Smith in both 1983 and 1984.

Furthermore, the evidence does not show that the auditor could have reasonably identified Smith's current address. We distinguish the facts in this case from those in *Elizondo, supra,* where we found the auditor could have located the owner's current address in the phonebook where the auditor's office was located. Smith's address was not in the local Crawford County phonebook, it was in the Indianapolis phonebook. The notice to Smith's last known address was therefore constitutionally sufficient. *See also Forum Group, Inc. v. McMichael* (1991), Ind.App., 575 N.E.2d 308 (notice was constitutionally sufficient where owner's out-of-town address was not reasonably ascertainable).

## II

Smith also argues that the tax title deed issued to Harold Fancher was void because the tax sale certificate listed "Barry F. & Patricia Smith" as the purchasers and "Harold Fancher" as the delinquent owner of record. *Record* at 11. The subsequent tax title deed should not have been issued to Fancher, Smith argues, because Fancher was not the listed purchaser. We note, with some relief, Smith does not allege that Fancher was in fact the delinquent taxpayer, and that the property was actually sold to Patricia and him. Rather, Smith argues that the tax sale certificate and subsequent tax title deed were rendered void because of the scrivener's error. In support of his claim, Smith argues that the statutes governing tax sales must be substantially satisfied or the sale is invalid. *Gradison, supra.*

■ The tax sale certificate does not convey to the purchaser title to the land, but merely creates a lien in the purchaser for the amount of taxes paid. IND.CODE 6-1.1-24-9(b); *Geller v. Meek* (1986), Ind. App., 496 N.E.2d 103, 106. When the period of redemption expires, the purchaser

acquires title to the land by tendering the tax sale certificate in exchange for the tax title deed. IND.CODE 6–1.1–25–4; *Calhoun v. Jennings* (1987), Ind., 512 N.E.2d 178, 181. In this case, it is undisputed that Mr. Fancher bought the 58 acres at the tax sale. It cannot be questioned that this transaction gave him a lien on the land. We find it of no moment that this was not accurately recorded on the tax sale certificate. Because Smith did not redeem his property before the period of redemption expired, Mr. Fancher's subsequent tax title deed was valid.

### III

■ Finally, Smith complains that the auditor failed to comply with the statutory provision that governs the timing of notice of the right of redemption. At the time of the sale, IND.CODE 6–1.1–25–6 provided, in relevant part: "The county auditor shall send a notice by certified mail to the former owner of the tract not more than sixty (60) days nor less than thirty (30) days before the expiration of the period for redemption." Smith correctly notes that the tax sale certificate was issued on November 2, 1987; therefore, the period of redemption expired on November 2, 1989, and notice had to be sent to Smith thirty days before that date, or by October 2, 1989. The record reveals that the auditor mailed Smith notice of his right to redeem on October 5, 1989, but the envelope was returned marked "addressee unknown."

Although the October 5, 1989, notice was mailed 28 days before the period of redemption expired, rather than 30 days, we find Smith was not prejudiced by the auditor's failure to comply with the minimum 30–day requirement. The tax title deed was not issued to Fancher until November 10, 1989, so the October 5, 1989, notice was actually mailed 36 days before Smith lost his rights in the property. *See Griffin v. Boonville Savings Ass'n.* (1975), 163 Ind. App. 551, 555, 325 N.E.2d 494, 496 (owner of real property may redeem property after two-year period of redemption has expired provided tax deed has not been issued).

Smith was not entitled to summary judgment as a matter of law. Although there is no genuine issue of material fact, it is the defendants, not Smith, who are entitled to judgment as a matter of law. "When any party has moved for summary judgment, the court may grant summary judgment for any other party upon the issues raised by the motion although no motion for summary judgment is filed by such party." Ind. Trial Rule 56(B); *Marich v. Kragulac* (1981), Ind.App., 415 N.E.2d 91, 100. This court has the power to direct such a final judgment pursuant to Ind. Appellate Rule 15(N). Because there is no genuine issue of material fact and the tax sale and tax deed were valid as a matter of law, we order summary judgment to be entered in favor of the defendants.

RATLIFF, C.J., and ROBERTSON, J., concur.