# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**FLORENCE ANNE BRIGGS**
Briggs Law Office
Flora, Indiana

ATTORNEY FOR APPELLEE:

**JEREMY A. PEELLE**
Peelle Law Office
Kokomo, Indiana

FILED

May 30 2013, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSHUA LINDSEY, | ) | |
| | ) | |
| Appellant-Intervenor-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  08A04-1211-MI-575 |
| | ) | |
| ADAM NEHER, | ) | |
| | ) | |
| Appellee-Petitioner-Defendant. | ) | |

APPEAL FROM THE CARROLL CIRCUIT COURT
The Honorable Julian L. Ridlen, Judge Pro Tempore
Cause No. 08C01-1108-MI-18
Cause No. 08C01-1208-MI-13

**May 30, 2013**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Joshua Lindsey ("Lindsey") appeals the denial of his motion to rescind a tax deed issued to Adam Neher ("Neher") although the redemption notices had recited an incorrect tax sale date. We reverse and remand with instructions.

**Issue**

Lindsey presents three issues for review, which we consolidate and restate as a single issue: whether a failure to substantially comply with statutes governing tax sales and redemption rendered void the tax deed to Neher.

**Facts and Procedural History**

Although scant testimony was presented at the hearing, the following facts are not in dispute. On September 16, 2011, five parcels of real estate in Cutler, Indiana ("the Property") were sold at a tax sale by the Treasurer of Carroll County. Taxes were delinquent in the amount of $150.00.[1]

The parcels had belonged to Lindsey's mother, Lottie Carmack ("Carmack"), before her accidental death in Kentucky in 1998. After Carmack's death, Lindsey continued to live on the Property, albeit without a formal transfer of title. As of the time of the tax sale, Lindsey had resided on the Property for forty years.

The Carroll County Commissioners conducted a tax sale on April 9, 2012 and assigned the tax sale certificate to Neher. Neher, by counsel, published notices in a local newspaper on June 6 and June 13, 2012. The notices erroneously stated that the tax sale had

---

[1] It is not entirely clear from the record whether this amount is in total or per parcel.

been conducted on April 11, 2012 and further stated that a petition for tax deed would be forthcoming on or after August 11, 2012.

Neher's counsel also sent, by certified mail, a redemption notice addressed to Lottie E. Carmack at 1985 East 620 South, Cutler, Indiana. The notice stated in pertinent part that a tax sale had been conducted on April 11, 2012 and further stated:

> The Board, or its successors and assigns, is entitled to receive a Tax Deed for all five Parcels if they are not redeemed on or before August 11, 2012.

(Exhibit A.)

On August 9, 2012, Lindsey contacted Tina at the Carroll County Auditor's Office to request a redemption amount. He was informed that the 120-day statutory redemption period[2] had expired one day earlier and his payment could not be accepted. On the following day, Lindsey issued letters by facsimile to the Carroll County Auditor, Treasurer, and Attorney, and to Neher's attorney stating that he had obtained the cash for redemption and had been told he was one day too late. He also stated that he had furnished Tina a copy of the aforementioned letter from Neher's attorney. He sent his son into the Auditor's office with cash for redemption of the Property, to no avail.

On August 15, 2012, Neher filed a Verified Petition for Tax Deed, to which Lindsey filed an objection. Five days later, the Carroll County Circuit Court issued an order directing the Carroll County Auditor to issue a tax deed to Neher. On August 22, 2012, Lindsey filed a petition to rescind the deed and motion for consolidation. On the same day, the court ordered

---

[2] Ind. Code § 6-1.1-25-4.

3

that no further action be taken on the tax deed and consolidated the matters for hearing.  A

hearing was conducted on October 9, 2012.

On October 11, 2012, the trial court again ordered that the Auditor of Carroll County

issue a tax deed to Neher.  The order included the language:

> The notices required by law have been given, though the publication notice
> carried in the Carroll County Comet on June 6 and 13, 2012 indicated that the
> tax sale was on April 11, 2012.

(App. 4.)  This appeal ensued.

## Discussion and Decision

### Standard of Review

Although not expressly styled as such, Lindsey's motion to rescind the tax deed and

permit his redemption of the Property effectively moved the trial court for relief pursuant to

Indiana Trial Rule 60(B).  See Kessen v. Graft, 694 N.E.2d 317, 320 (Ind. Ct. App. 1998)

(recognizing that, pursuant to Indiana Code section 6-1.1-25-16, "a person may, upon appeal,

defeat the title conveyed by a tax deed," and because the statute does not provide its own

procedures, the Indiana trial rules apply; thus, a proper procedural avenue for appealing the

issuance of a tax deed is found in Trial Rule 60), trans. denied.

More particularly, Lindsey sought relief under Trial Rule 60(B)(6), which provides in

pertinent part as follows:

> On motion and upon such terms as are just the court may relieve a party …
> from an entry of default, final order or final judgment, including a judgment by
> default for the following reasons: …
> the judgment is void.

A motion for relief from judgment is addressed to the equitable discretion of the trial

4

court, circumscribed by the eight categories listed in Trial Rule 60(B). Lee v. Pugh, 811 N.E.2d 881, 887 (Ind. Ct. App. 2004). Normally, this Court employs an abuse of discretion standard in reviewing a trial court's ruling on a motion to set aside a judgment. Rice v. Comm'r, Ind. Dep't of Envtl. Mgmt., 782 N.E.2d 1000, 1003 (Ind. Ct. App. 2003). However, when a motion for relief from judgment is made pursuant to Trial Rule 60(B)(6), alleging that the judgment is void, discretion on the part of the trial court is not employed because either the judgment is void or it is valid. Id.[3]

Analysis

Tax sale proceedings must satisfy the due process requirements of the United States Constitution; accordingly, notice must be given before one is deprived of a property interest. Smith v. Breeding, 586 N.E.2d 932, 936 (Ind. Ct. App. 1992). "The United States Supreme Court has held that a state must provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action' prior to taking steps which will affect a protected interest in life, liberty, or property." Id. (quoting Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 795 (1983)). Notice is constitutionally adequate when "the practicalities and peculiarities of the case … are reasonably met." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314-15 (1950).

In accordance with due process, our Legislature has enacted a statutory scheme found in Indiana Code sections 6-1.1-24-1 to 6-1.1-24-15 (governing sales when taxes or special

---

[3] Generally, with a Trial Rule 60(B) motion, the claimant must not only show mistake, surprise, or excusable neglect, but must also make a prima facie showing that a different result would be reached if the case were tried on the merits. T.R. 60(B). Nevertheless, if the judgment is void ab initio, a Trial Rule 60(B) claimant need not show a meritorious claim or defense. Moore v. Terre Haute First Nat'l Bank, 582 N.E.2d 474, 476-77 (Ind. Ct. App. 1991).

5

assessments become delinquent), and Indiana Code sections 6-1.1-25-1 to 6-1.1-25-19 (governing redemption and tax deeds). "A tax sale is purely a statutory creation, and material compliance with each step of the statute is required." Swami, Inc. v. Lee, 841 N.E.2d 1173, 1178 (Ind. Ct. App. 2006), trans. denied.

Before a sale may be conducted, notice to the owner and general public must be given. Ind. Code § 6-1.1-24-2 to 6-1.1-24-4. If a minimum bid is not forthcoming within the statutorily prescribed period, the county acquires a lien on the property in the amount of the minimum sale price. Ind. Code § 6-1.1-24-6(a). A tax certificate is issued, and the redemption period begins to run. Ind. Code § 6-1.1-25-4.

A redemption notice must be given and must contain, among other items, the date on or after which the petitioner intends to petition for a tax deed to be issued, and the date the tract or real property was sold at a tax sale. Ind. Code § 6-1.1-25-4.5(e). If proper notice has been given and the relevant period expires without redemption, the tax sale certificate is exchanged for a tax deed. Ind. Code § 6-1.1-25-4.5(a).

"Failure to comply substantially with statutes governing tax sales renders void subsequent tax deeds which deprive owners of their property." Kessen, 694 N.E.2d at 320 (citing Smith, 586 N.E.2d at 935). For example, a property owner may defeat a tax deed if the owner has not been given proper notice of the sale and right of redemption. See, e.g., Peterson v. Warner 478 N.E.2d 692 (Ind. Ct. App. 1985) (notice containing substantially misleading information concerning facts crucial to the owner rendered the tax deed invalid). The tax deed may be set aside if the three notices required by Indiana Code § 6-1.1-24-4

6

(notice of sale to owner), 6-1.1-25-4.5 (notice of the right of redemption), and 6-1.1-25-4.6 (notice of petition for tax deed) were not in substantial compliance with the requirements of those sections. Ind. Code § 6-1.1-25-16(7). In re 2005 Tax Sale Parcel No. 24006-001-0022-01, 898 N.E.2d 349, 353 (Ind. Ct. App. 2008).

In the trial court, Lindsey argued that he was deprived of his home of forty years without notice of an accurate tax sale date, a date upon which to calculate his redemption period. In essence, Lindsey has alleged that the tax deed is void due to insufficient notice, that is, he was deprived of his constitutional right to due process. We must agree.

The actual and constructive post-sale notices failed to accurately reflect that the tax sale had taken place on April 9, 2012. Both the notices by publication and the notice by certified letter recited a date two days later than the actual sale. Accordingly, Carmack's heirs were not provided notice with a proper date upon which to calculate the redemption period. Moreover, the notice language strongly suggested, even if it was not definitively stated, that the 120-day redemption period extended to August 11, 2012. This falls far short of adequate notice to reasonably meet "the practicalities and peculiarities of the case." Mullane, 339 U.S. at 314-15.

Neher argues that, because notice was issued, the inaccuracy of the tax sale date is inconsequential and the redemption date must be mathematically calculated without regard to the content of the notices. As such, he contends that the clerk properly rejected the proffered payment.

Neher's argument does not take into account the fact that notice must be

7

constitutionally adequate, and he seeks a result that does not comport with equity[4] as it would permit him to reap benefits from repetitive misstatements. Here, there is no suggestion that the misstatements were motivated by fraud. However, if we held as Neher suggests – that so long as notices are issued and received, the statutory period runs without regard to the content of published notices or communications between parties – that holding could invite fraud in future cases. A party may not draft, publish, and mail erroneous information, making no correction before the lapse of a statutory period, and then benefit from the dissemination of falsity.

The tax deed at issue was invalid and the judgment void as a matter of law. Lindsey is entitled to the equitable relief requested, specifically, that he be allowed to tender his redemption payment. We reverse and remand to the trial court for an order that the Carroll County Auditor accept redemption funds tendered by Lindsey.

Reversed and remanded with instructions.

NAJAM, J., and BARNES, J., concur.

---

[4] He argues that Lindsey, having failed to pay $150.00 in taxes, has unclean hands and cannot seek equity. "The doctrine of unclean hands is not favored and must be applied with reluctance and scrutiny." Swami, 841 N.E.2d at 1179. It will be applied only when the misconduct is intentional and the claimed wrong has an immediate and necessary relation to the matter before the court. Id. We observe that the taxes were owed not to Neher, but to the taxing authority. As to Neher, Lindsey has not acted in a manner inconsistent with Neher's obligation to give proper notice.