

**FILED**

Jul 21 2015, 10:24 am

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEYS FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Megan L. Craig | Patrick A. Schuster |
| John R. Craig | David E. Braatz |
| Craig, Craig & Marco, LLC, | Patrick A. Shuster & Associates |
| Crown Point, Indiana | Crown Point, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| The First Bank of Whiting, as Trustee of Trust dated 12/30/86 a/k/a Trust No. 1865,<br><br>*Appellant,*<br><br>v.<br><br>524, LLC,<br><br>*Appellee* | July 21, 2015<br><br>Court of Appeals Case No. 45A04-1410-MI-476<br><br>Appeal from the Lake Circuit Court<br><br>Cause No. 45C01-1207-MI-118<br><br>The Honorable George Paras, Judge<br>The Honorable Robert C. Vann, Magistrate |

**Friedlander, Judge.**

[1] On August 27, 2012, 524 LLC (524) purchased two parcels of real property (the Parcels) in Lake County, Indiana at a tax sale. After the time for redemption expired on August 27, 2013, 524 filed a Petition for Issuance of Deed. The First Bank of Whiting (the Trustee), as Trustee of Trust Dated 12/30/86 a/k/a Trust No. 1865 (the Trust), filed an objection to 524's petition. The Trust appeals the

granting of 524's petition and the entry of 7/17/2015 Order Directing the Auditor of Lake County, Indiana to issue Tax Deed with respect to the Parcels. The following issues are presented for review:

1. Did the tax sale notices substantially comply with the requirements of Ind. Code Ann. § 6-1.1-24-4,[1] I.C. § 6-1.1-25-4.5,[2] and I.C. § 6-1.1-25-4.6?[3]

2. Was the trial court's order to issue tax deeds untimely?

We affirm.

The facts are that in 1987, ownership of the Parcels was transferred to the First Bank of Whiting as trustee of the Trust, which owned the Parcels in favor of Susan Farruggio, who was the designated beneficiary of the Trust. It appears that the Trust was created by Farruggio's father, John Baber. On July 3, 1990, an address change for the Trust was entered in the Lake County Auditor's Property Records. The new address was: "First Bank of Whiting as Trustee of Trust 1865, C/O SSAY Corp. 2135 Westchester, Westchester, IL 60154".

---

[1] (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation effective through June 28, 2015).

[2] (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation effective through June 28, 2015).

[3] (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation effective through June 28, 2015).

*Transcript* at 183. 2135 Westchester Boulevard, Westchester, IL 60154 was John Baber's home address.

[4] The Parcels were scheduled to be sold at a tax sale on August 27, 2012. The auditor's pre-sale notices pursuant to I.C. § 6-1.1-24-4 (Section 4 notice) were mailed via certified mail to the First Bank of Whiting as Trustee at 2135 Westchester Blvd., Westchester, IL 60154. A signed receipt reflects that the notices were received at 1:15 p.m. on July 9, 2012 by Mike Othman at that address. The Parcels were sold on August 27 to 524, which was the high bidder for both Parcels. At the time of sale, as had been the case since 1987, the Trust was the owner of record of both Parcels, and the address of record in the Lake County Auditor's Office for the Trust was: "The First Bk of Whiting TR TR 1865[,] 2135 Westchester C/O SSAY CORP[,] WESTCHESTER, IL 60154". *Exhibit Volume*, Exhibit 4.

[5] Following the sale, notices of the right of redemption pursuant to I.C. § 6-1.1-25-4.5 (Section 4.5 notice) were mailed via certified mail to the following addresses:

> The First Bank of Whiting as Trustee of
> Trust dtd 12/30/86 a/k/a Trust No. 1865
> Attn: Highest Ranking Officer
> 2135 Westchester
> Westchester, IL 60154
>
> The First Bank of Whiting as Trustee of
> Trust dtd 12/30/86 a/k/a Trust No. 1865

n/k/a Centier Bank

Attn: Highest Ranking Officer

PO Box 550

Whiting, IN 46394-1110


The First Bank of Whiting as Trustee of

Trust dtd 12/30/86 a/k/a Trust No. 1865

c/o Michael E. Schrage, R.A.

600 E. 84th Avenue

Merrillville, IN 46410


The First Bank of Whiting as Trustee of

Trust dtd 12/30/86 a/k/a Trust No. 1865

Attn: Highest Ranking Officer

1500 119th Street

Whiting, IN 46394

*Exhibit Volume*, Exhibit 5.  The Section 4.5 notice sent by certified mail to 2135 Westchester was returned as unclaimed,[4] as was the notice sent to the E. 84th St. address.  The other two, however, were received and signed for by the Trustee. A Section 4.5 notice sent to 2135 Westchester by regular first class mail was not returned to the sender.  In addition, the Section 4.5 notice was published in the local newspaper, the Lowell Tribune.

[6] After the expiration of the redemption period, 524 sent notices for application for deed via certified mail pursuant to I.C. § 6-1.1-25-4.6 (Section 4.6 notice) to

---

[4]  The record reveals that John Baber died on September 9, 2012.

the same four addresses. The Trust received and signed for the mailing at three of the four addresses, with the lone exception being the mail sent to 2135 Westchester. That certified mail was returned. A Section 4.6 notice sent to the same address by regular first class mail, however, was not returned to the sender. The Section 4.6 notice was also published in the Lowell Tribune.

[7] On August 30, 2013, after the redemption period had expired, 524 filed a Verified Petition for Issuance of Deed. On October 4, 2013, the Trust filed an Objection to the Tax Sale of Property and Issuance of Deed. On April 22, 2014, a bench trial was conducted upon 524's petition and the Trust's objection with respect to both Parcels. Concluding that all notices required by law were given and, in fact, the property owner actually received those notices, on July 17, 2014, the trial court entered an order in favor of 524, directing that tax deeds should be issued to 524 with respect to both Parcels.

1.

[8] The Trust contends that 524 did not comply with the requirements of I.C. § 6-1.1-24-4, I.C. § 6-1.1-25-4.5, and I.C. § 6-1.1-25-4.6 in that it did not serve notice to the property owner and to all persons and entities with a substantial interest of public record pursuant to those provisions. More specifically, the Trust contends that the failure of the Lake County Auditor and 524 to include "c/o SSAY Corp" in the Sections 4.5 and 4.6 notices mailed to 2135 Westchester rendered all efforts to provide notice defective. The Trust contends that the failure to receive proper notice violated its due process rights, and therefore the issuance of tax deeds to the Parcels must be reversed.

Property may be subject to sale in settlement of delinquent taxes if the property's owner fails to pay the applicable property taxes. *2011 Marion Cnty. Tax Sale v. Marion Cnty. Auditor*, 14 N.E.3d 883 (Ind. Ct. App. 2014). Before the government may do so, however, the Due Process Clause of the Fourteenth Amendment to the United States Constitution requires it to provide the owner with "notice and opportunity for hearing appropriate to the nature of the case." *Id.* at 890 (quoting *Jones v. Flowers,* 547 U.S. 220, 223 (2006)). This court has summarized the applicable notice requirements as follows:

> In Indiana, title conveyed by a tax deed may be defeated if three required notices, specifically the notice of tax sale, the notice of the right of redemption, and the notice of petition for the tax deed, are not in substantial compliance with statutory requirements. The notice of tax sale is governed by Indiana Code section 6–1.1–24–4 (2007), which requires the county auditor to send notice of the tax sale by certified mail to the owner or owners of the real property at their last known address.
>
> Next, Indiana Code section 6–1.1–25–4.5 (2007) governs notices of the right of redemption. According to that statute, a person who purchases property at a tax sale must send the owner of the property a notice of the sale and of the right of redemption via certified mail at the last address for the owner as indicated in the county auditor's records.
>
> Finally, if the owner of record does not redeem the property from the tax sale within the required period, the purchaser may petition the trial court for issuance of a tax deed. Ind. Code § 6–1.1–25–4.6 (2007). The purchaser must provide notice of the petition to the owner of record in the same manner set forth in Indiana Code section 6–1.1–25–4.5. Ind. Code § 6–1.1–25–4.6.

*Prince v. Marion Cnty. Auditor*, 992 N.E.2d 214, 219-220 (Ind. Ct. App. 2013), *trans. denied*.

[11] The Trust contends that the notices sent to the address listed as that of the owner of the Parcels on the real estate assessment transfer cards in the auditor's office were defective in that they did not include the complete mailing address (i.e., did not include "c/o SSAY Corp"). As a result, the Trust contends, the taxpayer – in this case the Trust – did not receive proper notice. 524 responds that it substantially complied with the statutory requirements and therefore the notices were sufficient.

[12] In addressing these arguments, we are mindful that "the determination of whether a notice 'substantially complied' with the statutory requirements 'is a determination based on the facts and circumstances of the case and is a *question of fact*.'" *First Am. Title Ins. Co. v. Calhoun*, 13 N.E.3d 423, 433 (Ind. Ct. App. 2014) (quoting *In re Sale of Real Prop. with Delinquent Taxes or Special Assessments*, 822 N.E.2d 1063, 1074 (Ind. Ct. App. 2005), *trans. denied*) (emphasis in original). The notices in question must be reasonably calculated, under all the circumstances, to apprise any interested parties of the pendency of the action and must afford them an opportunity to present objections. *2011 Marion Cnty. Tax Sale v. Marion Cnty. Auditor*, 14 N.E.3d 883. "But if with due regard for the practicalities and peculiarities of the case these [notice] conditions are reasonably met, the constitutional requirements are satisfied." *Id.* at 890 (quoting *Marion Cnty. Auditor v. Sawmill Creek,* 964 N.E.2d 213, 219 (Ind. 2012)); *see also Anton v. Davis*, 656 N.E.2d 1180, 1183 (Ind. Ct. App. 1995) ("while all 'essential acts' concerning [a] tax sale must be properly performed,

substantial compliance with the statutory procedures will satisfy the due process requirements") (internal citation to authority omitted)).

[13] In *Porter v. Bankers Trust Co. of Cal.*, 773 N.E.2d 901 (Ind. Ct. App. 2002), Porter asked this court to reverse the trial court's decision to set aside tax deeds following an objection to the deeds by the delinquent owners of those properties on grounds that they had not received notice under Section 4.6 of the request for the issuance of a tax deed. Porter responded that he had substantially complied with the notice statutes, including Section 4.6, and therefore that the notice was valid. It was undisputed that Porter sent Section 4 notices of the tax sale to the delinquent owners, as well as notice of the right to redeem pursuant to Section 4.5, but it was also undisputed that he failed to send notice for the request for an order to issue a tax deed under Section 4.6. Porter claimed that because the delinquent owners had actual notice of the tax sale, the failure to send Section 4.6 notice of the application for deed was not fatal to his deed. In rejecting that argument, we discussed the concept of substantial compliance in this context. We noted that actual notice of the sale (under Section 4.5) does not obviate the need for notice under Section 4.6 because, without notice under Section 4.6, the deficient owners did not have the opportunity to intervene and oppose the issuance of the tax deeds. But, citing *Anton v. Davis*, 656 N.E.2d 1180, we determined in *Porter* that a purchaser, or the auditor's office, substantially complies with the statutes so long as the purchaser, or auditor's office, attempted in good faith to send the requisite notice and the delinquent property owner was not harmed by the alleged deficiencies in that notice. In

other words, a delinquent owner's due process rights are not violated where, despite deficiencies in the notice sent, the delinquent owner has notice of the sale, notice of the redemption period, and notice of a petition for a tax deed following the redemption period.

[14] It is undisputed that the Trust had long owned the Parcels at the time of the tax sale. It is also undisputed that, notwithstanding the failure to include "c/o SSAY Corp" in the address label on the various notices, most notably the one sent to 2135 Westchester, the Trustee actually received pre-sale notices of the tax sale, received Section 4.5 notice of the right to redeem, and received Section 4.6 notice of the hearing on the issuance of tax deeds. It is also undisputed that those notices were sufficient to enable the Trust to timely file an objection to the issuance of tax deeds and appear with counsel at the hearing on the issuance of those deeds. For purposes of substantial compliance, it is of no moment that less than all four copies of the notices that were sent out during the course of these proceedings reached the intended recipient. The presale notices mailed to the Trustee at 2135 Westchester Blvd., Westchester, IL 60154 were received and signed for at that address. Copies of the Section 4.5 notice of right of redemption were sent to four different addresses and two of those four were received and signed for via certified mail on behalf of the Trustee. The Section 4.5 notice was also published in the Lowell Tribune. Finally, copies of the Section 4.6 notice of application for issuance of deeds were sent to four different addresses, and the representative of the Trustee received and signed for the

certified mailing at three of those four addresses. The Section 4.6 notice was also published in the Lowell Tribune.

[15] On April 22, 2014, a bench trial was conducted on the Trust's objection to the issuance of a tax deed. We understand that the Trust contends that the mailings should have been sent to the Westchester address "c/o SSAY Corp" because that was the owner's listed address in the auditor's office. In this context, however, "SSAY Corp" was merely a conduit by which the required notices were to be delivered to the owner, the Trust. SSAY Corp. simply did not have an ownership or beneficial interest in the property. Thus, it did not matter whether SSAY Corp., as a conduit, received notice. It mattered only that the Trust did. Moreover, the beneficiary and the Trust, by the Trustee, appeared by counsel at the hearing to contest 524's request. Under these circumstances, we conclude that the various notices substantially complied with the applicable rules and therefore that the Trust's due process rights were not violated.

2.

[16] The Trust contends the trial court's order for deed was untimely. Pursuant to the Trust's interpretation of I.C. § 6-1.1-25-4.6(b), the trial court was required to enter an order directing the County auditor to issue tax deeds no later than sixty-one days after the Petition for Issuance of Tax Deed was filed. As the Trust notes, the order was filed on July 17, 2014, which was almost a year after 524 filed a motion asking the court to order the auditor to issue tax deeds for the Parcels.

[17]    I.C. § 6-1.1-25-4.6(b)[5] states:

> (b) Not later than sixty-one (61) days after the petition is filed under subsection (a), the court shall enter an order directing the county auditor (on the production of the certificate of sale and a copy of the order) to issue to the petitioner a tax deed if the court finds that the following conditions exist:
>
>> (1) The time of redemption has expired.
>>
>> (2) The tract or real property has not been redeemed from the sale before the expiration of the period of redemption specified in section 4 of this chapter.
>>
>> (3) Except with respect to a petition for the issuance of a tax deed under a sale of the certificate of sale on the property under IC 6-1.1-24-6.1 or IC 6-1.1-24-6.8, or with respect to penalties described in section 4(k) of this chapter, all taxes and special assessments, penalties, and costs have been paid.
>>
>> (4) The notices required by this section and section 4.5 of this chapter have been given.
>>
>> (5) The petitioner has complied with all the provisions of law entitling the petitioner to a deed.
>
> The county auditor shall execute deeds issued under this subsection in the name of the state under the county auditor's name. If a certificate of sale is lost before the execution of a deed, the county auditor shall issue a replacement certificate if the county auditor is satisfied that the original certificate existed.

Pursuant to the terms of the statute, the trial court must enter an order directing the county auditor to issue a tax deed within sixty-one days of the time of the filing of the petition for tax deed, but only after certain enumerated conditions

---

[5] Section 4 has been significantly amended by 2015 Ind. Legis. Serv. P.L. 236-2015 (S.E.A.), but the amendments do not take effect until January 1, 2016.

are met.  The fifth condition is that the petitioner has complied with all requirements that entitle the petitioner to the requested deed.  The language of subsection (b)(1)-(5) focuses upon affirmative steps that a petitioner must undertake and accomplish in order to be entitled to a tax deed.  It would seem in this case that 524 accomplished all of those steps upon the August 28, 2013 filing of its motion asking the court to order the auditor to issue a tax deed for the Parcels.  We note, however, that the Trust objected to that request and the matter was set for hearing on April 22, 2014.  Were we to adopt the Trust's interpretation of this statute, the trial court would have been required to enter its order directing the auditor to issue a tax deed for the Parcels almost six months *before* it conducted the hearing to determine whether 524's petition should be granted over the Trust's challenge in the first place.  This surely cannot be what the Legislature intended.

[18]  Rather, we conclude that there is implicit in the statute a sixth condition, which is that the petitioner is legally *entitled* to a tax deed after completing all of the requisite steps.  In cases, such as here, where the petition for an order directing a county auditor to issue a tax deed has been challenged, such entitlement is not established until the court rules on the validity of the challenge, and concomitantly  the validity of the request for an order directing the auditor to issue the tax deed.  In other words, under such circumstances, pursuant to I.C. § 6-1.1-25-4.6(b), a trial court has sixty-one days, *after resolving a challenge to a petitioner's request for a tax deed in favor of the petitioner*, to enter an order directing the auditor to issue the deed.

In the present case, the trial court's rejection of the Trust's challenge was simultaneous with its order directing the auditor of Lake County to issue the tax deed for the Parcels. Therefore, we conclude the order was timely pursuant to I.C. § 6-1.1-25-4.6(b).

Judgment affirmed.

Baker, J., and Najam, J., concur.